935 So.2d 775 (2006)
STATE of Louisiana, Appellee,
v.
Fredrick G. MATTHEWS, Appellant.
No. 41,047-KA.
Court of Appeal of Louisiana, Second Circuit.
June 28, 2006.
*776 Carey J. Ellis, III, Louisiana Appellate Project, for Appellant.
William R. Coenen, Jr., District Attorney, Penny W. Douciere, Kenneth D. Wheeler, Assistant District Attorney, for Appellee.
Before BROWN, PEATROSS, and DREW, JJ.
BROWN, Chief Judge.
Defendant, Fredrick G. Matthews, was charged by bill of information with second offense possession of cocaine. A jury found him guilty as charged and the trial court sentenced him to eight years at hard labor with credit for time served. A timely filed motion for reconsideration was denied, following which this appeal ensued. Finding no error, we affirm.

Discussion
Defendant's appellate counsel filed a Benjamin brief and motion with this court, asserting that he had conscientiously and thoroughly reviewed the trial court record and had found no non-frivolous issues to raise on appeal, nor any trial court ruling which arguably would support an appeal. See Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); State v. Mouton, 95-0981 (La.04/28/95), 653 So.2d 1176; State v. Benjamin, 573 So.2d 528 (La.App. 4th Cir.1990). In addition to summarizing the procedural history and the facts of the case, the court-appointed appellate attorney's brief provided a detailed, reviewable assessment of whether the appeal was worth pursuing. See State v. Jyles, 96-2669 (La.12/12/97), 704 So.2d 241.
In accordance with Anders, Mouton, and Benjamin, supra, defendant's appellate attorney also notified him of his right to file a pro se brief and filed a motion to withdraw from the case. This court held the motion to withdraw in abeyance and advised defendant of his right to file an appellate brief within 30 days of the February 3, 2006, order deferring a ruling on his attorney's motion to withdraw. Defendant did not respond to the notice.
We have examined all of the pleadings filed in the trial court, as well as the court proceedings, the bill of information, and all transcripts contained in the record. The record shows that defendant was properly charged by bill of information. The record further reflects that defendant was present in court and represented by counsel at all important stages of the proceedings.
Even if we did review his sentence for constitutional excessiveness, we would find that it neither shocks the sense of justice nor constitutes a purposeless and needless infliction of pain and suffering. The eight-year sentence defendant received is within the statutory range for possession of cocaine, second offense, which is imprisonment, with or without hard labor, for not more than ten years, with an optional fine of not more than $10,000. La. 40:967; La. 40:982. The trial court gave reasons for the particular sentence imposed. We find no abuse of the trial court's discretion in the sentence imposed.
Our independent review disclosed no non-frivolous issues and no rulings which would support an appeal. We likewise found no errors patent on the face of the record. Defendant's conviction and sentence are affirmed. Appellate counsel's motion to withdraw is granted.
AFFIRMED.