954 So.2d 187 (2007)
STATE of Louisiana, Appellee,
v.
Derrick S. JONES, Appellant.
No. 41,672-KA.
Court of Appeal of Louisiana, Second Circuit.
February 28, 2007.
*188 Sherry Watters, New Orleans, Edward K. Bauman, Lake Charles, for Appellant.
Jerry L. Jones, District Attorney, Stephen T. Sylvester, Assistant District Attorney, for Appellee.
Before BROWN, WILLIAMS and STEWART, JJ.
WILLIAMS, J.
The defendant, Derrick S. Jones, was charged by bill of information with four counts of second degree kidnapping in violation of LSA-R.S. 14:44.1. Following a trial by jury, he was convicted as charged. The defendant was adjudicated a third felony habitual offender and was sentenced to serve 30 years in prison at hard labor without benefit of probation, parole or suspension of sentence with regard to count one. Regarding counts two, three and four, the defendant was sentenced to serve 15 years in prison at hard labor without benefit of probation, parole or suspension of sentence on each count. Counts two, three and four were ordered to run concurrently to each other, but consecutively to count one. For the following reasons, we grant appellant counsel's motion to withdraw as attorney of record, and we affirm the defendant's convictions and sentences.

FACTS
The defendant was charged by bill of information with the second degree kidnapping of his former girlfriend, Kewanita Brownfield, and her friends, Cerone Brice, Calvin Banks and James Williams. Following a trial by jury, the defendant was found guilty as charged. The trial court denied the defendant's motion for mistrial and/or new trial.
The state filed a habitual offender bill charging the defendant as a fifth felony offender. A hearing was held and the defendant was adjudicated a third felony offender. He was sentenced to serve 30 years in prison at hard labor without benefit of probation, parole or suspension of sentence with regard to count one. Additionally, the defendant was sentenced to serve 15 years in prison at hard labor without benefit of probation, parole or suspension of sentence for each of the remaining three counts. Counts two, three and four were ordered to run concurrently to each other, but consecutively to count one. The trial court denied the defendant's motion to reconsider sentence.

DISCUSSION
The defendant's court-appointed appellate counsel filed a brief and motion in this court stating that he conducted a "conscientious and thorough" review of the trial court record and found no non-frivolous issues to raise on appeal nor any trial court rulings which arguably would support an appeal. See, Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); State v. Mouton, 95-0981 (La.4/28/95), 653 So.2d 1176; State v. Matthews, 41,047 (La.App.2d Cir.6/28/06), 935 So.2d 775; State v. Benjamin, 573 So.2d 528 (La.App. 4 Cir.1990). In accordance *189 with Anders, Mouton and Benjamin, supra, appellate defense counsel also notified the defendant of his right to file a pro se brief and sought to withdraw from the case.
This court held the motion to withdraw as counsel of record in abeyance and advised the defendant of his right to file an appellate brief within 30 days of the August 31, 2006 order. The defendant requested the record but has not filed a brief.
The record contains minutes of the court proceedings, the bill of information and transcripts of the preliminary examination, trial, habitual offender proceedings and sentencing hearing. The defendant was charged by a bill of information which was signed by an assistant district attorney. The defendant was present in court and represented by counsel at all stages of the proceedings.
A review of the transcript reveals there was sufficient evidence on which the jury could have based its verdict. All four of the victims testified with regard to the details of the kidnappings. Shortly after the incident, Brownfield identified the defendant as the perpetrator, and Brice and Williams, who did not know the defendant prior to the incident, identified the defendant in a photographic line-up. Brownfield, Brice and Williams identified the defendant in open court.
Additionally, the sentences imposed are within the sentencing ranges set forth in LSA-R.S. 14:44.1. Even if we reviewed the constitutionality of the sentences, there would be no merit to claims of excessiveness. The statutory range for the offense of second degree kidnapping is five to forty years at hard labor, with at least two years of the sentence imposed without benefit of parole, probation or suspension of sentence. The defendant's enhanced sentence of 30 years at hard labor as a third felony habitual offender on count one is less than the maximum possible unenhanced 40-year sentence for second degree kidnapping. The 15-year sentences at hard labor with regard to counts two, three and four are less than one-half the 40-year maximum possible unenhanced sentences. Thus, the sentences imposed neither shock the sense of justice, nor constitute a purposeless and needless infliction of pain and suffering. Our independent review of the record disclosed no non-frivolous issues and no rulings which arguably support an appeal.

ERRORS PATENT
We also examined the record for errors patent in accordance with LSA-C.Cr.P. art. 920. A review of the record herein reveals one error patent. At sentencing, the trial court did not advise the defendant of the time period within which to apply for post-conviction relief. See, LSA-C.Cr.P. art. 930.8(C); State ex rel. Glover v. State, 93-2330 (La.9/5/95), 660 So.2d 1189. By this opinion, we advise the defendant that no application for post-conviction relief, including applications which seek an out-of-time appeal, shall be considered if it is filed more than two years after the judgment of conviction and sentence has become final under the provisions of LSA-C.Cr.P. arts. 914 or 922.

CONCLUSION
For the reasons set forth herein, the motion to withdraw as attorney of record is granted, and the defendant's convictions and sentences are affirmed.
MOTION GRANTED; CONVICTIONS AND SENTENCES AFFIRMED.