986 So.2d 246 (2008)
STATE of Louisiana, Appellee,
v.
Richard L. ROBERSON, Appellant.
No. 43,265-KA.
Court of Appeal of Louisiana, Second Circuit.
June 4, 2008.
Richard Roberson, Pro Se.
Louisiana Appellate Project by Paula Corley Marx, for Appellant.
Paul J. Carmouche, District Attorney, Catherine M. Estopinal, Assistant District Attorney, for Appellee.
Before PEATROSS, DREW and LOLLEY, JJ.
LOLLEY, J.
The defendant, Richard L. Roberson, appeals a judgment from the First Judicial District Court, Caddo Parish, State of Louisiana, following his guilty plea for attempted robbery with a dangerous weapon. Roberson was sentenced to five years' imprisonment at hard labor without the benefit of parole, probation or suspension of sentence. The defendant's appellate counsel has filed a motion to withdraw, together with an Anders brief in support of the motion. The state has declined to file an appellate brief, noting appellate counsel's Anders brief. On January 31, 2008, this court notified defendant that he may file a brief in this appeal within 30 days of its order. Roberson has not requested the record and has not filed any brief. The motion to withdraw is granted, and Roberson's conviction and sentence are affirmed.

LAW AND DISCUSSION
On November 24, 2006, Roberson attempted an armed robbery of a Family Dollar store in Caddo Parish. A bill of information was filed alleging Roberson attempted to rob the Family Dollar store while armed with a dangerous weapon, a violation of La. R.S. 14:64 and 14:27. As part of a plea bargain agreement, Roberson pled guilty as charged with the understanding *247 that he would have the benefit of a sentencing hearing and that there would be a ten-year cap on the sentence imposed by the trial court. The sentencing hearing took place on September 6, 2007, during which the court heard from Roberson and three witnesses on his behalf. At the conclusion of the hearing, the trial court sentenced the defendant to five years' imprisonment at hard labor without the benefit of parole, probation or suspension of sentence. This appeal ensued.
Appellate counsel has filed an Anders brief seeking to withdraw, which alleges that he could find no non-frivolous issues to raise on appeal. See Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); State v. Jyles, 1996-2669 (La.12/12/97), 704 So.2d 241, 242; State v. Mouton, XXXX-XXXX (La.04/28/95), 653 So.2d 1176; and State v. Benjamin, 573 So.2d 528 (La.App. 4th Cir.1990). As required, the brief outlines the procedural history of the case and the factual basis provided by the state as support for the plea. The brief also contains "a detailed and reviewable assessment for both the defendant and the appellate court of whether the appeal is worth pursuing in the first place." Jyles, supra. Defense counsel further verifies that he has mailed copies of the motion to withdraw and his brief to the defendant, in accordance with Anders, Mouton, and Benjamin, supra. This court held the motion to withdraw in abeyance and advised Roberson of his right to file an appellate brief within 30 days of this court's January 31, 2008 order deferring a ruling on counsel's motion to withdraw. As of this date, Jones has not responded to the notice.
This court has conducted a thorough review of the record. The bill of information was correctly done and formal arraignment was waived. The transcript reveals that there was factual basis for the plea, Roberson was properly Boykinized,[1] and he voluntarily and knowingly entered the guilty plea. There were no errors patent found in the guilty plea or sentencing proceedings. Furthermore, while the record supports Roberson's sentence of five years at hard labor for this serious crime, it was imposed under an agreed upon sentencing cap and as such, may not be appealed by the defendant. La. C. Cr. P. art. 881.2(A)(2); State v. Young, XXXX-XXXX (La.10/15/96), 680 So.2d 1171.

CONCLUSION
The motion to withdraw is granted, and Roberson's conviction and sentence are affirmed.
AFFIRMED.
NOTES
[1] A valid guilty plea must be a free and voluntary choice by the defendant. A guilty plea will not be considered free and voluntary unless, at the very least, defendant was advised of his constitutional rights against self-incrimination, to a trial by jury and to confront his accusers. Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).