653 So.2d 1176 (1995)
STATE of Louisiana
v.
Michael Allen MOUTON.
No. 95-OK-0981.
Supreme Court of Louisiana.
April 28, 1995.
*1177 PER CURIAM.
Granted. The judgment of the Third Circuit is reversed and its previous decision in State v. Brister, 626 So.2d 955 (La.App. 3rd Cir.1993) is reinstated.
Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and the subsequent Supreme Court decisions relying on it, Penson v. Ohio, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988) and McCoy v. Court of Appeals of Wisconsin, 486 U.S. 429, 108 S.Ct. 1895, 100 L.Ed.2d 440 (1988), offer little instruction on the content of a brief that appointed counsel representing an indigent defendant on appeal must file to provide the reviewing court "with a basis for determining whether appointed counsel have fully performed their duty to support their clients' appeals to the best of their ability" and to assist the reviewing court "in making the critical determination whether the appeal is indeed so frivolous that counsel should be permitted to withdraw." McCoy, 486 U.S. at 439, 108 S.Ct. at 1902. In the absence of that explicit direction, this Court has sanctioned the procedures outlined by the Fourth Circuit Court of Appeal in State v. Benjamin, 573 So.2d 528 (La.App. 4th Cir.1990), see State v. Robinson, 590 So.2d 1185 (La. 1992), and directed other circuit courts of appeal in Louisiana to follow them. See, e.g., State v. Royals, 600 So.2d 653 (La.1992).
The brief filed on behalf of the appellant in the court of appeal by his appointed counsel not only complies with the letter of the Benjamin procedures but also provides a detailed discussion of various aspects of the case, including sufficiency of the evidence, the lack of objection to any of the testimony presented at trial, and the adequacy of the trial court's compliance with Louisiana's Sentencing Guidelines. In short, counsel has given the defendant the "benefit of what wealthy defendants [contemplating an appeal] are able to acquire by purchasea diligent and thorough review of the record and an identification of any arguable issues revealed by that review...." McCoy, 486 U.S. at 439 and n. 12, 108 S.Ct. at 1902 and n. 12. Counsel has thereby provided a detailed and reviewable assessment for both the defendant and the appellate court of whether the appeal is worth pursuing in the first place. Under these circumstances, we find no need for any departure from or refinement of the Benjamin procedures, which adequately protect the indigent defendant's constitutional right to a meaningful appeal in Louisiana.
CALOGERO, C.J., concurs and assigns reasons.
LEMMON, J., concurs and will assign reasons.
KIMBALL, J., not on panel.
CALOGERO, Chief Justice, concurring in writ disposition.
By providing the defendant with the opportunity to file his own brief and committing the appellate court to an independent review of the entire record for error, the procedures outlined in State v. Benjamin, 573 So.2d 528 (La.App. 4th Cir.1991), improve considerably on the "error patent" appeals condemned in Lofton v. Whitley, 905 F.2d 885 (5th Cir. 1990). While I therefore concur, I write separately to emphasize that the perspective from which appointed counsel prepares his so-called Anders brief lies at the heart of *1178 providing "penniless defendants the same rights and opportunities on appealas nearly as is practicableas are enjoyed by those persons who are in a similar situation but who are able to afford the retention of private counsel." Anders v. California, 386 U.S. 738, 745, 87 S.Ct. 1396, 1400, 18 L.Ed.2d 493 (1967). The decision in Anders, Penson v. Ohio, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988) and McCoy v. Court of Appeals of Wisconsin, 486 U.S. 429, 108 S.Ct. 1895, 100 L.Ed.2d 440 (1988), entitle indigent defendants to the same kind of honest and detailed evaluation of their records that a paying client may receive from an attorney hired to advise on the basis of a review of the record whether that client should commit additional time and money to an appeal. The substantive portions of the brief in this case are only two pages long, but they adequately convey the professional judgment of an advocate eyeing prospects on appeal in a case which presented no significant evidentiary rulings or objections at trial, pitted testimony from the police officers and the co-defendant involved in the cocaine sale against the defendant's in an essentially unreviewable credibility choice for the factfinder, and ended with a sentence falling within the presumptively appropriate ranges provided by Louisiana's Sentencing Guidelines.
To the extent that the brief conveys in a few brief strokes an articulable basis underlying counsel's ultimate conclusion that he sees no merit in the appeal and therefore wishes to withdraw from it, I concur in the Court's order. Under Benjamin, it will remain for the Third Circuit, based upon its own independent review of the entire record and any arguments submitted by the defendant on his own behalf, whether to grant the motion and dispose of the appeal summarily, require additional briefing by counsel, or substitute new appellate counsel.