JjDREW, J.
Vernell Rankin, Jr. seeks review of his conviction and three-year sentence for second degree battery. La. R.S. 14:34.1. Rankin pleaded guilty pursuant to a plea bargain in which the state agreed to dismiss a charge of simple arson, to reduce the initial charge of aggravated battery to second degree battery and to imposition of a sentence which would not exceed three years.
Rankin’s court-appointed appellate attorney filed a brief in this court stating that she conscientiously and thoroughly reviewed the trial court record and found no non-frivolous issues to raise on appeal, nor any trial court ruling which arguably supports an appeal. See Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); State v. Benjamin, 573 So.2d 528 (La.App. 4th Cir.1990); and State v. Mouton, 95-0981 (La.4/28/95), 653 So.2d 1176. In addition to briefly giving the procedural history, the court-appointed attorney’s brief provided a detailed, reviewable assessment of whether the appeal was worth pursuing. State v. Jyles, 96-2669 (La.12/12/97), 704 So.2d 241.
In accordance with Anders, Benjamin and Mouton, supra, defense counsel also sought to withdraw from the case and asked that this court act on the motion after our independent review of the record for any legal points arguable on the merits. Defense counsel and this court notified defendant of his right to file a supplemental appellate brief within 30 days of our January 7, 1999 order deferring a ruling on counsel’s motion to withdraw. Defendant submitted a letter stating that he did not agree to the séntenee and that he was pressured to accept the plea bargain by his appointed trial counsel. The record does not support these claims. Defendant may raise them upon proper application for post-conviction relief.
We have reviewed all the pleadings filed in the district court, the court proceedings, the bill of information, and all transcripts contained in the record. Defendant was properly charged by bill of information which was signed by an assistant district attorney. Defendant was present in court and represented by | ¡.counsel at all important stages of the proceedings. A review of the trial court transcripts reveals that there was a factual basis for the guilty plea, that defendant was properly advised of his rights, and that he agreed to a sentence cap of three years. Since the sentence is within that cap, it cannot be appealed as excessive. La.C.Cr.P. art. 881.2(A)(2); State v. Young, 96-0195 (La.10/15/96), 680 So.2d 1171; State v. Rice, 26,478 (La.App.2d Cir.12/7/94), 648 So.2d 426, writ denied, 95-0431 (La.6/16/95), 655 So.2d 340. The sentence imposed is legal.
Even if we were to review the constitutionality of defendant’s sentence, we find that it is commensurate with this crime of violence. The sentence neither shocks the sense of justice nor constitutes a purposeless and needless infliction of pain and suffering. The statutory range for second degree battery is a fíne of not more than $2,000 and/or imprisonment with or without hard labor for not more than five years. La. R.S. 14:34.1. Defendant received great benefit from the plea bargain which dismissed a simple arson charge and reduced the battery charge from aggravated (La. R.S. 14:34; a maximum $5,000 fine and 10-year imprisonment with or without hard labor) to second degree and provided a sentencing cap of three years. The trial court noted in written reasons for sentencing that defendant struck the victim with a *178 two-by-four during an altercation. The victim’s medical bills totaled $599.65. The defendant had multiple prior convictions. Although not revoked, defendant had a poor probation history and did not respond to requests for contact during the pre-sentencing investigation.
Our independent review disclosed no non-frivolous issues and no rulings which arguably support an appeal. We also examined the record for errors patent. Finding none, we affirm the conviction and sentence. Appellate counsel’s motion to withdraw is granted.
AFFIRMED.