939 So.2d 516 (2006)
STATE of Louisiana, Appellee
v.
Jesse Alan SULLIVAN, Appellant.
No. 41,236-KA.
Court of Appeal of Louisiana, Second Circuit.
August 23, 2006.
Jesse Alan Sullivan, Pro Se.
Annette Fuller Roach, Lake Charles, J. Clay Carroll, for Appellant.
Walter E. May, Jr., District Attorney, Tammy Lenn Gantt, Robert Andrew Moore, Assistant District Attorney, for Appellee.
Before BROWN, DREW and LOLLEY, JJ.
LOLLEY, J.
The defendant, Jesse Sullivan ("Sullivan"), appeals a judgment by the Second Judicial District Court, Parish of Bienville, State of Louisiana. A jury found him guilty of second degree kidnapping and aggravated assault from an incident involving his ex-girlfriend. Sullivan was sentenced to 15 years imprisonment, the first 2 years to be served without benefit of parole, probation, or suspension of sentence on the second degree kidnapping conviction; and 6 months on the aggravated assault conviction to run concurrently. Sullivan's court-appointed appellate attorney filed an Anders brief and notified Sullivan of his right to file a pro se brief. Sullivan did not respond to the notice. For the following reasons, we affirm the convictions and sentences.

FACTS
On August 7, 2003, Sullivan's ex-girlfriend, Amber Peoples, was in the process of moving out of the trailer she previously shared with Sullivan. Peoples was accompanied by her stepsister, Carla Perot, who helped her gather her belongings while Sullivan was out. At some point Sullivan returned and grabbed Peoples, pushing her into the trailer. Perot, who managed to get to her car, called the police.
Peoples testified that she was pushed onto the couch, at which time Sullivan removed a gun from his pocket. Peoples got up and went to the kitchen to continue to pack. Peoples reached for a knife after Sullivan struck her across the face. Next, according to Peoples, Sullivan pointed the *518 gun at her and fired, fortunately missing her.
Sullivan was originally charged with second degree kidnapping and aggravated assault with a firearm. After a three-day trial, the jury returned a verdict of second degree kidnapping as charged and a responsive verdict of aggravated assault. Sullivan filed motions for new trial and post-verdict judgment of acquittal which were denied. No motion for reconsideration of sentence was filed. This appeal ensued.
Sullivan's court-appointed appellate attorney filed a brief and motion in this court stating that she had conscientiously and thoroughly reviewed the trial court record and found no non-frivolous issues to raise on appeal, nor any trial court ruling which arguably would support an appeal. See Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); State v. Mouton, 95-0981 (La.04/28/95), 653 So.2d 1176; and State v. Benjamin, 573 So.2d 528 (La.App. 4th Cir.1990). In addition to summarizing the procedural history, appeal counsel's brief provided an assessment of whether the appeal was worth pursuing. State v. Jyles, 96-2669 (La.12/12/97), 704 So.2d 241.
In accordance with Anders, Mouton and Benjamin, supra, appellate defense counsel also notified Sullivan of his right to file a pro se brief and sought to withdraw from the case. This court held the motion to withdraw in abeyance and advised Sullivan of his right to file an appellate brief within 30 days of the April 5, 2006 order. Sullivan did not respond to this notice.
The record contains minutes of the court proceedings, the amended bill of information, and transcripts of the trial and sentencing hearings. Sullivan was charged via a bill of information which was signed by an assistant district attorney. It was subsequently amended. Sullivan was present in court and represented by counsel at all important stages of the proceedings. A review of the transcript reveals there was sufficient evidence on which the jury could base its verdicts. The sentences imposed are within the allowed ranges of imprisonment.[1]
Even if this court were to review the constitutionality of Sullivan's sentences, there would be no merit to claims of excessiveness. The statutory range for the offense of second degree kidnapping is not less than 5 nor more than 40 years, with at least 2 years without benefit of parole, probation or suspension of sentence. The 15-year sentence neither shocks the sense of justice, nor constitutes a purposeless and needless infliction of pain and suffering. Notably, the trial court did not wish to sentence Sullivan to any more than what was offered during a plea colloquy, despite the longer sentence recommendation in the pre-sentence investigation report.
The range for aggravated assault is imprisonment up to six months and/or a fine. The trial court imposed the maximum term of imprisonment for this offense, but no fine. Further, the trial court ordered that the sentences be served concurrently. Our independent review disclosed no non-frivolous issues and no rulings which arguably support an appeal.

ERRORS PATENT
We also examined the record for errors patent. Because the trial court did not indicate that Sullivan's second degree *519 kidnapping sentence was to be served at hard labor, we find that the sentence imposed is illegally lenient. Under the authority of La. C. Cr. P. art. 882, we amend the sentence imposed by the trial court to affirmatively indicate that the sentence for second degree kidnapping be served at hard labor. The trial court is directed to make an entry in the minutes reflecting this amendment.

CONCLUSION
On review, we affirm both convictions, and, as amended, affirm the sentences of Jesse Alan Sullivan. Appellate counsel's motion to withdraw is granted.
CONVICTIONS AFFIRMED; SENTENCES AFFIRMED AS AMENDED.
NOTES
[1] As noted in the appellate counsel's brief, the trial judge stated he was sentencing Sullivan for simple assault instead of aggravated assault, but imposed a sentence applicable only to the greater offense of aggravated assault.