942 So.2d 698 (2006)
STATE of Louisiana, Appellee,
v.
Marvin W. THOMPSON, Appellant.
No. 41,416-KA.
Court of Appeal of Louisiana, Second Circuit.
November 1, 2006.
G. Paul Marx, Louisiana Appellate Project, for Appellant.
Jerry Jones, District Attorney, Rosalind D. Jones, Assistant District Attorney, for Appellee.
Before BROWN, WILLIAMS, and GASKINS, JJ.
BROWN, Chief Judge.
Defendant, Marvin W. Thompson, was charged by bill of information with possession of cocaine, a violation of La. R.S. 40:967. On the day of trial, defendant pled guilty to the charged offense. The district court imposed a sentence of three years at hard labor and denied a timely filed motion for reconsideration of sentence.
Defendant's appellate counsel filed a Benjamin brief and motion with this court stating that he had conscientiously and thoroughly reviewed the trial court record and found no non-frivolous issues to raise on appeal, nor had he found any trial court ruling which would arguably support an appeal. See Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); State v. Mouton, 95-0981 (La.04/28/95), 653 So.2d 1176; State v. Benjamin, 573 So.2d 528 (La.App. 4th Cir. 1990). In addition to summarizing the procedural history and the facts of the case, the court-appointed attorney's brief provided a detailed, reviewable assessment of whether the appeal was worth pursuing. See State v. Jyles, 96-2669 (La.12/12/97), 704 So.2d 241.
In accordance with the above jurisprudence, appellate defense counsel also notified defendant of his right to file a pro se brief and sought to withdraw from the case. This court held the motion to withdraw in abeyance and advised defendant of his right to file an appellate brief within 30 days of this court's June 8, 2006, order *699 deferring a ruling on counsel's motion to withdraw. As of this date, defendant has not responded to the notice.
We have examined all of the pleadings filed in the district court, together with the court proceedings, the bill of information and all transcripts contained in the record. Defendant was properly charged by bill of information. Defendant was present in court and represented by counsel at all important states of the proceedings.
Even if we were to review defendant's sentence, we note that the statutory range for possession of cocaine is imprisonment with or without hard labor for not more than five years with discretionary imposition of a fine of not more than $5,000. La. R.S. 40:967(C). In sentencing defendant to three years at hard labor, the district court gave extensive reasons for the sentence imposed. We find no abuse of the sentencing court's discretion nor do we find the mid-range hard labor sentence to shock the sense of justice or constitute a purposeless and needless infliction of pain and suffering.
Our independent review has disclosed no non-frivolous issues and no rulings which arguably support an appeal. Having also examined the record for errors patent, we found none. Appellate defense counsel's motion to withdraw is granted and defendant's conviction and sentence are AFFIRMED.