LOLLEY, J.
hThe defendant, Keetron Rasco, appeals a judgment from the Fourth Judicial District Court, Ouachita Parish, State of Louisiana. Rasco pled guilty to possession of marijuana with intent to distribute and received the agreed suspended sentence of ten years at hard labor. He was placed on supervised probation for a term of five years. Rasco’s out-of-time appeal from the sentence imposed in this matter was granted by the trial court. For the following reasons, we affirm.
FACTS
Rasco was charged by bill of information with count one, possession of marijuana with intent to distribute (La. R.S. 40:966); count two, possession of cocaine (La. R.S. 40:967); and count three, possession of a firearm by a convicted felon (La. R.S. 14:95.1). As the result of a plea bargain agreement, Rasco entered a guilty plea to count one and the other two charges were dismissed. The state agreed not to file a habitual offender bill. The trial court imposed the agreed sentence of ten years at hard labor, to be served consecutively with any other sentence. The sentence was suspended, and Rasco was ordered to serve a five-year term of supervised probation.
Rasco’s appellate counsel filed a Benjamin brief and motion with this court stating that he has conscientiously and thoroughly reviewed the trial court record and found no non-frivolous issues to raise on appeal, nor any trial court ruling which arguably would support an appeal. See Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); State v. Mouton, 95-0981 (La.04/28/95), 653 So.2d 1176; and State v. Benjamin, 573 So.2d 528 (La.App. 4th Cir.1990). In addition to summarizing the procedural history and the facts of the case, the court-appointed attorney’s brief provided a detailed, reviewable assessment of whether the appeal was worth pursuing. State v. Jyles, 96-2669 (La.12/12/97), 704 So.2d 241.
In accordance with Anders, Mouton, and Benjamin, supra, appellate defense counsel also notified Rasco of his right to file a pro se brief and sought to withdraw from the case. We held the motion to withdraw in abeyance and advised Rasco of his right to file an appellate brief within 30 days of our June 8, 2006, order deferring a ruling on counsel’s motion to withdraw. Rasco responded to the notice and this appeal ensued.
LAW AND DISCUSSION
Rasco argues in his pro se appellate brief that his plea bargain agreement was breached, and his conviction in this *277 case should be “vacated.” He contends that in the guilty plea entered on September 22, 2004, in District Court Docket No. 04-F0883, he agreed to plead guilty and “the state would agree to dismiss' all pending charges.” The basis for his complaint is the guilty plea he entered in March 2005, to possession of marijuana with intent to distribute in District Court Docket No. 04-F1734. In short, he argues that the March 2005 guilty plea, which is the subject of the instant appeal, was involuntary and/or coerced because he was led to believe that he would receive a lesser sentence and/or the charge should have been dismissed under the agreement in the September 2004 guilty plea.
| .^However, the record reflects that at the September 2004 guilty plea, the state agreed to dismiss and/or not to prosecute any other offense arising out of the February 13, 2004 offense date. We note that the March 2005 guilty plea was to offenses committed on April 30, 2004. Hence, Ras-co’s claim that his March 2005 guilty plea was covered under his previous September 2004 guilty plea is clearly unsupported by the record. This pro se assignment of error is therefore without merit.
We also note that Rasco prematurely filed for Post-Conviction Relief where he asserts the same arguments and issues raised in his appellate brief. We advise by this opinion that an application for post-conviction relief shall be considered if it is filed within two years after the judgment of conviction and sentence has become final under the provisions of La. C. Cr. P. arts. 914 or 922. See La. C. Cr. P. Art. 930.8.
We have examined all the pleadings filed in the trial court, the court proceedings, the bill of information and all transcripts contained in the record. Rasco was properly charged by bill of information. Rasco was present in court and represented by counsel at all important stages of the proceedings.-
Even if we were to review the constitutionality of Rasco’s sentence, we find that the sentence neither shocks the sense of justice, nor constitutes a purposeless and needless infliction of pain and suffering. The 10-year hard labor sentence imposed is lawful. The statutory range for possession of marijuana with intent to distribute is a term of imprisonment at hard labor for not less than 5 nor more than 30 years and a fíne of not more than | ¿$50,000. La. R.S. 40:966 B(3). There is no showing of an abuse of the trial court’s discretion in the imposition of this mid-range hard labor sentence which is not constitutionally excessive. Our independent review disclosed no non-frivolous issues and no rulings which arguably support an appeal. We also examined the record for errors patent. Finding none, we affirm the conviction and sentence. Additionally, appellate counsel’s motion to withdraw is granted.
CONCLUSION
For the foregoing reasons, the conviction and sentence are affirmed.
AFFIRMED.