996 So.2d 433 (2008)
STATE of Louisiana, Appellee
v.
Taquin Lamond TYLER, Appellant.
No. 43,537-KA.
Court of Appeal of Louisiana, Second Circuit.
September 17, 2008.
*434 Carey J. Ellis, III, for Appellant.
Taquin Lamond Tyler, pro se.
J. Schuyler Marvin, District Attorney, Dale N. Montgomery, II, John M. Lawrence, Assistant District Attorneys, for Appellee.
Before WILLIAMS, STEWART and LOLLEY, JJ.
WILLIAMS, J.
The defendant, Taquin Tyler, was charged by bill of information with distribution of a Schedule II controlled dangerous substance (cocaine), in violation of LSA-R.S. 40:967. Pursuant to a plea agreement, the defendant pled guilty as charged with a 15-year sentencing cap, other pending charges were not prossed, the state agreed not to file an habitual offender bill of information and a presentence investigation report was ordered. The defendant was sentenced to 15 years of imprisonment at hard labor with the first two years of the sentence to be served without benefit of parole, probation or suspension of sentence. The court ordered the sentence to run consecutive to any other sentence defendant was serving.
The defendant's pro se motion for appeal was granted and the Louisiana Appellate Project was appointed to represent defendant. The defendant's appellate counsel has filed a motion to withdraw and an Anders brief asserting that he could find no non-frivolous issues to raise on appeal. See Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); State v. Jyles, 96-2669 (La.12/12/97), 704 So.2d 241; *435 State v. Mouton, 95-0981 (La.4/28/95), 653 So.2d 1176; and State v. Benjamin, 573 So.2d 528 (La.App. 4th Cir.1990). On May 12, 2008, this court issued an order notifying defendant that he had the opportunity to file a brief in this appeal within 30 days of the order and that if no brief was filed the record would be reviewed only for error patent. The defendant has not requested the record or filed a pro se brief Finding no error patent, we grant the motion to withdraw and affirm the defendant's conviction and sentence.
Defense counsel's brief outlines the procedural history of the case and points out that the state presented a factual basis for the plea during the guilty plea colloquy. The brief states that defendant was present in court and represented by counsel at all important stages of the proceedings and was properly advised of his rights. Defense counsel verifies that he has mailed copies of the motion to withdraw and his brief to the defendant.
Initially, we note that the sentence was imposed in conformity with an agreed upon sentencing cap which was set forth in the record at the time of the plea and as such, may not be appealed by the defendant. LSA-C.Cr.P. art. 881.2(A)(2); State v. Young, 96-0195 (La.10/15/96), 680 So.2d 1171.
We have examined the record for error patent and found none. At the guilty plea hearing the district court advised defendant of his constitutional rights. Furthermore, the record supports the defendant's sentence of 15 years of imprisonment at hard labor. Prior to imposing sentence, the district court reviewed a presentence investigation report and noted that defendant was a fourth felony offender. The court found that defendant was in need of correctional treatment and that a lesser sentence would deprecate the seriousness of the offense committed. After reviewing the record, we conclude the court did not abuse its discretion in sentencing this defendant.

CONCLUSION
Defense counsel's motion to withdraw is granted. The defendant's conviction and sentence are affirmed.
AFFIRMED.