999 So.2d 1163 (2008)
STATE of Louisiana
v.
Angela ALLEN.
No. 2008-KA-0533.
Court of Appeal of Louisiana, Fourth Circuit.
November 19, 2008.
*1164 Keva Landrum-Johnson, District Attorney, Donna R. Andrieu, Assistant District Attorney, New Orleans, LA, for Plaintiff/Appellee.
Christopher A. Aberle, Louisiana Appellate Project, Mandeville, LA, for Defendant/Appellant.
(Court composed of Chief Judge JOAN BERNARD ARMSTRONG, Judge PATRICIA RIVET MURRAY, Judge ROLAND L. BELSOME).
ROLAND L. BELSOME, Judge.
Defendant-Appellant appeals her conviction and sentence, and Counsel for Appellant requests this Court to grant his motion to withdraw. For the reasons that follow, we affirm Appellant's conviction and sentence and grant the motion to withdraw.

FACTS AND PROCEDURAL HISTORY
The State of Louisiana charged Defendant-Appellant Angela Allen on April 18, 2007 with possession of cocaine. A not guilty plea was entered. The trial court subsequently heard and denied a motion to suppress the evidence on June 8, 2007. After trial on July 9, 2007, a six-person jury found Appellant guilty as charged, and the State filed a multiple bill. Appellant pled guilty to the multiple bill on August 3, 2007, and the court ordered a pre-sentence investigation. On October 12, 2007, the court sentenced Appellant as a second offender to serve four years at hard labor.[1] On that date, the court granted Appellant's motion for appeal.
Appellant was arrested by police officers at approximately 10:00 p.m. on March 22, 2007, at the Au Bon Gourmet restaurant at 1100 Canal Street in New Orleans. Police officers in the Criminal Intelligence Bureau's Crime Abatement Team entered the restaurant to speak to the manager regarding complaints of drug activity both inside and outside of the establishment. Detective Dean Moore testified that he was the first officer to enter the premises, and he immediately noticed Appellant standing just to the right of the cash register at the front counter. Det. Moore testified that Appellant appeared startled at the officers' presence, grabbed something from the counter, and attempted to place it in her purse. Det. Moore noticed a piece of white rock-like substance on the counter next to Appellant, and subsequently detained Appellant. Officer Beverly Ashe, a female officer, moved Appellant back from the counter. Appellant's purse was open, with the contents in plain view. From Appellant's purse, the officers seized a plastic bag containing numerous other rocks of what appeared to be crack cocaine, a plastic bag containing what appeared to be marijuana, and $51.00 in cash.
Officer Ashe's testimony corroborated Det. Moore's account of the arrest. Officer Ashe testified that she followed Det. Moore into the restaurant, and that he alerted her to the rock of cocaine on the counter. Officer Ashe testified that she moved Appellant away from the counter, frisked her, and looked inside Appellant's open purse, observing the plastic bag containing what appeared to be more rocks of crack cocaine. Officer Ashe then inspected *1165 the purse and observed a bag of what appeared to be marijuana.[2] Officer Ashe further testified that the rock of cocaine on the counter was in closest proximity to Appellant, as the manager of the restaurant was approximately ten feet behind the counter at the time.
In her testimony, Appellant admitted possession of the marijuana that evening, but maintained that she had just discovered that someone had placed the cocaine in her purse when the officers arrived. Appellant testified that she went to the restaurant to meet her friend Trell, and that at one point she left the table to use the restroom, leaving her purse with Trell while she did so. Appellant testified that after she returned, they sat at the table until Trell left with his friend to go to a drug store. Appellant testified that approximately ten minutes later, she decided to leave, and approached the counter to buy a candy bar and a cigar, with which she intended to smoke the marijuana. As she reached into her purse to pay for the items, she noticed the bag of cocaine, which she surmised Trell had placed in her purse while she was in the restroom.[3] She stated that she intended to flush the bag, but someone was in the bathroom, and that the officers entered the store as she was putting the candy bar and the cigar into her purse. She also testified that approximately twenty minutes elapsed between the discovery of the cocaine in her purse and her arrest. She stated that she was not nervous when the officers entered the restaurant, and she maintained that she did not see a rock of crack cocaine lying on the counter. At trial, Appellant also admitted on direct examination to having a prior conviction in 2002 for possession of cocaine.

DISCUSSION

Motion to Withdraw
After sentencing, Counsel for Appellant filed an Anders brief and moved to withdraw. Counsel for Appellant avers that after a conscientious and thorough review of the record, no non-frivolous issue exists to raise on appeal. Counsel for Appellant further submits that there is no ruling of the trial court that arguably supports an appeal.
We find that Counsel for Appellant fulfilled all the necessary criteria outlined in Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and interpreted by this Court in State v. Benjamin, 573 So.2d 528 (La.App. 4 Cir.1990). "[I]f counsel finds [the] case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw." Benjamin, 573 So.2d at 529 (quoting Anders v. California, 87 S.Ct. at 1400). Counsel's request should also be accompanied by a brief referring to anything in the record that might arguably support the appeal. Id. An appellate court subsequently determines whether the appeal is wholly frivolous and acts on counsel's motion to withdraw. Benjamin, 573 So.2d at 529.
In this case, Counsel filed a brief detailing the facts of the case, the procedural history, and a summary of the evidence presented and rulings at trial. Counsel specifically examined the sufficiency of the evidence and Appellant's sentence, determining the sentence to be within the statutory range. Counsel then thoroughly examined *1166 the record for possible defenses and articulated the reasons why the instant case has no non-frivolous issues for appeal. Additionally, Counsel filed a reply brief to argue on Appellant's behalf that the State erroneously stated this Court's standard of review in its original brief. Therefore, we find that Counsel conducted a detailed and thorough review of the record and complied with State v. Jyles, as Counsel's brief set forth "a detailed and reviewable assessment for both the defendant and the appellate court of whether the appeal is worth pursuing in the first place." State v. Jyles, 96-2669 (La.12/12/97), 704 So.2d 241 (quoting State v. Mouton, 95-0981, p. 2 (La.4/28/95), 653 So.2d 1176, 1177).

Assignment of Error
As the sole assignment of error, Appellant requests a review of the record for patent errors. A thorough review of the record in this case reveals no errors patent.
A copy of Counsel's brief was forwarded to Appellant, and this Court informed her that she had the right to file a brief on her own behalf. Because Appellant has failed to do so, this Court's review is limited to errors on the face of the record, pursuant to La. C.Cr.P. art. 920.[4] Accordingly, following the procedures outlined in Benjamin, supra, this Court conducted an independent review of the pleadings, minute entries, the bill of information, and transcripts in the appeal record.[5] Upon review, we find that the record has disclosed no non-frivolous issues and no rulings that would arguably support an appeal. Appellant was properly charged by bill of information with a violation of La. R.S. 40:967. The bill of information was signed by an assistant district attorney; Appellant was present and represented by counsel at arraignment, during trial, and at sentencing. The jury's verdict and Appellant's sentence are legal in all respects. The record evidences that Appellant has received diligent advocacy from Counsel. Furthermore, an evaluation of the trial transcript demonstrates that the State provided sufficient evidence to prove beyond a reasonable doubt that Appellant was guilty of simple possession of cocaine.

CONCLUSION
For the foregoing reasons, the judgment of the district court is affirmed and the motion to withdraw is granted.
AFFIRMED; MOTION GRANTED.
NOTES
[1] The court ordered this sentence to run concurrently with Appellant's six-month sentence for possession of marijuana, which arose from the same incident but was charged in case #470-143.
[2] The court qualified Officer William Giblin, a criminalist employed by the N.O.P.D. Crime Lab, as an expert in the examination and identification of cocaine and marijuana. Officer Giblin testified that he tested the substances seized in connection with this case and found them to be positive for cocaine and marijuana.
[3] Appellant testified that at the time of trial, she was unable to find Trell.
[4] The following matters and no others shall be considered on appeal:

(1) An error designated in the assignment of errors; and
(2) An error that is discoverable by a mere inspection of the pleadings and proceedings and without inspection of the evidence.
La.C.Cr.P. art. 920 (emphasis added).
[5] An appellate court's review of the record consists of:

(1) a review of the bill of information or indictment to insure the defendant was properly charged; (2) a review of all minute entries to insure the defendant was present at all crucial stages of the proceedings, the jury composition and verdict were correct and the sentence is legal; (3) a review of all pleadings in the record; (4) a review of the jury sheets; and (5) a review of all transcripts to determine if any ruling provides an arguable basis for appeal.
Benjamin, 573 So.2d at 531.