# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 09-60

STATE OF LOUISIANA

VERSUS

DEWAYNE SHAUN LEWIS

**********

APPEAL FROM THE
THIRTIETH JUDICIAL DISTRICT COURT
PARISH OF VERNON, NO. 73647
HONORABLE LESTER P. KEES, DISTRICT JUDGE

**********

**MARC T. AMY
JUDGE**

**********

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Marc T. Amy and
Shannon J. Gremillion, Judges.

**CONVICTION AND SENTENCE AFFIRMED.  MOTION TO WITHDRAW
GRANTED.**

William E. Tilley
District Attorney
Mark H. Kramar
Assistant District Attorney
Post Office Box 1188
Leesville, LA   71496-1188
(337) 239-2008
COUNSEL FOR APPELLEE:
    State of Louisiana

Mark O. Foster
Louisiana Appellate Project
Post Office Box 2057
Natchitoches, LA   71457
(318) 572-5693
COUNSEL FOR DEFENDANT/APPELLANT:
    DeWayne Shaun Lewis

AMY, Judge.

The defendant entered a guilty plea to one count of armed robbery as part of a plea agreement in which the State agreed to dismiss other charges. The trial court sentenced the defendant to fifteen years at hard labor, without the benefit of probation, parole, or suspension of sentence. On appeal, the defendant's attorney filed an *Anders* brief with this court. For the following reasons, we affirm the defendant's conviction and sentence. We grant the motion to withdraw.

## Factual and Procedural Background

The State alleged that, in September 2007, the defendant and an accomplice entered a convenience store in Leesville. Armed with a weapon, the two men allegedly took in excess of one thousand dollars from the cash register and from a customer.

By bill of information, the State charged the defendant and the alleged accomplice with one count of armed robbery, in violation of La.R.S. 14:64. The State also charged the two men with one count of simple burglary of an inhabited dwelling, in violation of La.R.S. 14:62.2; one count of theft of a firearm, in violation of La.R.S. 14:67.15; one count of conspiracy to commit simple burglary of an inhabited dwelling, in violation of La.R.S. 14:26 and La.R.S. 14:62.2; one count of conspiracy to commit theft of a firearm, in violation of La.R.S. 14:26 and La.R.S. 14:67.15; and one count of conspiracy to commit armed robbery, in violation of La.R.S. 14:26 and and La.R.S. 14:64.

The defendant initially entered a plea of not guilty to the above charges. However, on June 4, 2008, the defendant entered a guilty plea to one count of armed robbery pursuant to a plea agreement wherein the State dismissed the remaining charges. The trial court sentenced the defendant to serve fifteen years at hard labor,

without the benefit of probation, parole, or suspension of sentence. The trial court subsequently denied the defendant's motion for reconsideration of sentence.

On appeal, defense counsel filed a brief seeking to withdraw pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396 (1967).

**Discussion**

*Errors Patent*

Pursuant to La.Code Crim.P. art. 920, all appeals are reviewed for error patent on the face of the record. Having reviewed the record in this regard, we find no errors patent.

*Anders Analysis*

The defendant's counsel alleges that no errors exist that would support reversal of the defendant's convictions and sentences. Accordingly, he seeks to withdraw.

In *State v. Benjamin*, 573 So.2d 528, 531 (La.App. 4 Cir. 1990), the fourth circuit set forth the *Anders* analysis as follows:

> When appointed counsel has filed a brief indicating that no non-frivolous issues and no ruling arguably supporting an appeal were found after a conscientious review of the record, *Anders* requires that counsel move to withdraw. This motion will not be acted on until this court performs a thorough independent review of the record after providing the appellant an opportunity to file a brief in his or her own behalf. This court's review of the record will consist of (1) a review of the bill of information or indictment to insure the defendant was properly charged; (2) a review of all minute entries to insure the defendant was present at all crucial stages of the proceedings, the jury composition and verdict were correct and the sentence is legal; (3) a review of all pleadings in the record; (4) a review of the jury sheets; and (5) a review of all transcripts to determine if any ruling provides an arguable basis for appeal. Under C.Cr.P. art. 914.1(D) this Court will order that the appeal record be supplemented with pleadings, minute entries and transcripts when the record filed in this Court is not sufficient to perform this review.

The Louisiana Supreme Court approved this analysis in *State v. Mouton*, 95-0981 (La. 4/28/95), 653 So.2d 1176.

Pursuant to the *Anders* analysis enunciated in *Benjamin*, we have performed a thorough review of the record, including pleadings, minute entries, the bill of information, and the transcripts. This review indicates that the defendant was properly charged by bill of information, that he was present and represented by counsel at all stages of the proceedings, and that he entered a free and voluntary guilty plea after being advised of his rights pursuant to *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709 (1969). Furthermore, the sentences imposed were legal.

**DECREE**

Having found no issues to support an assignment of error on appeal, we affirm the defendant's conviction and sentence. We grant defense counsel's motion to withdraw.

**CONVICTION AND SENTENCE AFFIRMED. MOTION TO WITHDRAW GRANTED.**

09-60

COURT OF APPEAL, THIRD CIRCUIT

STATE OF LOUISIANA

STATE OF LOUISIANA
    Appellee

VERSUS

DEWAYNE SHAUN LEWIS
    Defendant-Appellant

On Appeal from the Thirtieth Judicial District Court, Docket Number 73647, Parish of Vernon, State of Louisiana, Honorable Lester P. Kees, Judge.

## **ORDER**

After consideration of appellate counsel's request to withdraw as counsel and the appeal presently pending in the above-captioned matter;

IT IS HEREBY ORDERED that appellate counsel's motion to withdraw is granted.

THUS DONE AND SIGNED this _____ day of _____, 2009.

COURT OF APPEAL, THIRD CIRCUIT

_____
Chief Judge Ulysses G. Thibodeaux

_____
Judge Marc T. Amy

_____
Judge Shannon J. Gremillion