LOLLEY, J.
 

 | ]The defendant, Kristi Burton, pled guilty to driving while intoxicated (DWI), fourth offense, pursuant to a plea agreement in which the state agreed to dismiss various other traffic charges. She received a sentence of 15 years at hard labor. This appeal by Burton ensued.
 

 Burton’s appellate counsel has filed a motion to withdraw, together with an
 
 An-ders
 
 brief in support of the motion. The state concurs that there are no nonfrivo-lous issues to raise on appeal. On June 3, 2010, this Court rescinded the previously fixed
 
 pro se
 
 briefing deadline and notified Burton that she could file a brief in this appeal within 30 days, and request to view the appellate record within 10 days, of the date of this order. Burton has not re
 
 *116
 
 quested the record and has not filed any brief. The motion to withdraw is granted, and Burton’s conviction and sentence are affirmed.
 

 Facts
 

 Burton was charged by bill of information with one count of DWI, fourth offense, a violation of La. R.S. 14:98(E), and on September 4, 2009, as part of a plea agreement, she pled guilty as charged. There was no agreement as to Burton’s sentence.
 

 The factual basis for the charge of DWI, fourth offense, was stated on the record at the guilty plea. On May 16, 2009, Burton was pulled over by a Louisiana State Trooper after running a red light. The trooper observed her move a white plastic cup from the front driver’s side area to the rear passenger side area and detected a strong alcoholic beverage odor when he approached the vehicle. Burton’s eyes were bloodshot and watery, and she was unable to satisfactorily complete the Horizontal Gaze Nystagmus test. LShe was unable to walk heel-to-toe during the walk- and-turn test and had to place her hand on the car for support three different times. Burton was also unable to perform the one-leg stand test. She consented to a Breathalyzer test on which she registered a blood alcohol content of .144 percent. Notably, at the time of the offense, it was criminal to operate a motor vehicle with a blood alcohol concentration of .08 percent or higher; thus Burton was almost twice the legal limit. She then admitted that she had consumed two whiskey drinks and that the drink in the vehicle was also a mixed alcoholic beverage.
 

 On November 30, 2009, Burton was sentenced to 15 years of imprisonment at hard labor and a $5,000 fine. In imposing sentence, the trial court reviewed the presen-tence investigation report which showed the defendant as having two DWI-first offense convictions, one DWI-second offense conviction and one DWI-third offense conviction. In addition to the DWI-third offense conviction, Burton had prior felony convictions for criminal damage to property and simple burglary of a vehicle. Her criminal history also included misdemeanor convictions for trespassing, disturbing the peace and arrests for aggravated battery, simple assault, and child desertion charges. She had also received the benefit of probated sentences on three of her felony convictions, all of which were revoked on September 11, 2006. Burton filed a motion to reconsider sentence which was denied by the trial court. This appeal followed.
 

 Burton’s appellate counsel has filed an
 
 Anders
 
 brief seeking to withdraw from representing Burton, which brief alleges that he could find |3no nonfrivolous issues to raise on appeal.
 
 See Anders v. California,
 
 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967);
 
 State v. Jyles,
 
 1996-2669 (La.12/12/97), 704 So.2d 241, 242;
 
 State v. Mouton,
 
 1995-0981 (La.04/28/95), 653 So.2d 1176;
 
 State v. Benjamin,
 
 573 So.2d 528 (La.App. 4th Cir.1990). The brief outlines the procedural history and the
 
 Boykin
 
 compliant plea colloquy leading to the defendant’s conviction. The brief also contains “a detailed and renewable assessment for both Burton and the appellate court of whether the appeal is worth pursuing in the first place.”
 
 Jyles, supra.
 
 Defense counsel further verifies that he has mailed copies of the motion to withdraw and his brief to the defendant, in accordance with
 
 Anders, Jyles, Mouton,
 
 and
 
 Benjamin, supra.
 
 This court held the motion to withdraw in abeyance and advised Burton of her right to file an appellate brief within 30 days of this court’s June 3, 2010, order. As of this date, Burton has not responded to the notice.
 

 We have conducted an error patent review of the appellate record and no errors
 
 *117
 
 patent were found. The bill of information and arraignment were correctly done. There were no errors patent found in the guilty plea or sentencing proceedings. Furthermore, the record supports Burton’s sentence of 15 years at hard labor and a $5,000 fine.
 

 So considering, the motion to withdraw is granted, and Kristi Burton’s conviction and sentence are affirmed.
 

 AFFIRMED.