WILLIAMS, J.
 

 |2The defendant, Joann Jenkins, pled guilty to one count of forgery with an agreed sentence of six years’ imprisonment. Defendant’s appellate counsel has filed a motion to withdraw with a brief asserting that there are no non-frivolous issues to raise on appeal.
 
 See State v. Benjamin,
 
 573 So.2d 528 (La.App. 4th Cir.1990). On August 5, 2010, this Court issued an order rescinding the previously fixed pro se briefing schedule and notifying the defendant of the applicable deadlines for filing a brief and requesting the appellate record in this matter. Defendant has neither requested the record nor filed a pro se brief. For the following reasons, we grant the motion to withdraw and affirm the defendant’s conviction and sentence.
 

 DÍSCUSSION
 

 The defendant was charged by bill of information with 17 counts of forgery, in violation of LSA-R.S. 14:72. Pursuant to a plea agreement, defendant pled guilty to one count of forgery with an agreed sentence of six | ¡¿years’ imprisonment. In exchange, the state agreed to
 
 nolle prosequi
 
 the remaining 16 counts. Subsequently, the district court sentenced the defendant to serve six years at hard labor, with the sentence to run concurrently with any other sentence previously imposed. Defen
 
 *1128
 
 dant’s motion to reconsider sentence was denied. This appeal followed.
 

 After the appeal was filed, this court noted on its own motion that the plea colloquy transcript did not unequivocally reflect defendant’s understanding that the six-year sentence agreed upon would be served at hard labor. However, in a brief filed by counsel, the defendant waived the opportunity to assert any potential assignments of error arising from that aspect of the record.
 

 Subsequently, the defendant’s appellate counsel filed a motion to withdraw and an
 
 Anders
 
 brief, which alleges that he could find no non-frivolous issues to raise on appeal.
 
 [1]
 

 See Anders v. California,
 
 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967);
 
 State v. Jyles,
 
 96-2669 (La.12/12/97), 704 So.2d 241;
 
 State v. Mouton,
 
 95-0981 (La.4/28/95), 653 So.2d 1176;
 
 State v. Benjamin, supra.
 
 Counsel’s brief outlines the procedural history of this case, notes that defendant’s guilty plea complied with the
 
 Boykin
 
 requirements and contains a detailed assessment for both the defendant and the appellate court of whether the appeal is worth pursuing in the first place.
 
 Jyles, supra.
 
 Defense counsell ¿verifies that he has mailed photocopies of the motion to withdraw and his brief to the defendant, in accordance with
 
 Anders, Jyles, Mouton,
 
 and
 
 Benjamin, supra.
 

 We note that the defendant cannot appeal her sentence, which was imposed in conformity with the plea agreement. LSA-C.Cr.P. art. 881.2. In addition, we have reviewed the record for error patent and found none. Accordingly, we find there are no non-frivolous issues to raise on appeal.
 

 CONCLUSION
 

 For the foregoing reasons, appellate counsel’s motion to withdraw is granted, and the defendant’s conviction and sentence are affirmed.
 

 MOTION TO WITHDRAW GRANTED; CONVICTION AND SENTENCE AFFIRMED.
 

 [1]
 

 . Defendant's original appellate counsel filed an
 
 Anders
 
 brief in July 2010. However, said counsel was allowed to withdraw and new counsel was enrolled by this court’s December 2010 order. Defendant's new counsel filed his
 
 Anders
 
 brief in January 2011.