GASKINS, J.
|, The defendant, Damian Finley, pled guilty to one count of armed robbery. Pursuant to the terms of his plea agreement, he was sentenced to serve 10 years at hard labor without parole, probation or suspension of sentence. The defendant now appeals. His appellate counsel filed a motion to withdraw, together with an An-ders/Benjamin[1] brief. The motion to withdraw is granted, and the defendant’s conviction and sentence are affirmed.
FACTS
The defendant was charged by bill of information with one count of armed robbery. On October 10, 2011, the defendant appeared before the trial court to plead guilty as charged. In exchange for his guilty plea, the state agreed to a recommended sentence of 10 years at hard labor, without the benefit of parole, probation or suspension of sentence. According to the facts recited by the state during the defendant’s plea hearing, on March 19, 2011, the defendant and another person, while armed with a gun, took several items from Latina Bernard at the Circle K store located on Shreveport Road in Minden, Louisiana. Following the defendant’s advisement of his Boykin[2] rights, the trial court accepted his guilty plea. Thereafter, the defendant waived sentencing delays and was sentenced to serve 10 years at hard labor, without the benefit of parole, probation or suspension of sentence. Two other charges were nolle prossed.
1 pjThis appeal followed, and the defendant’s appellate counsel filed an Anders brief, seeking to withdraw, which alleges that he could find no non-frivolous issues to raise on appeal. See Anders v. California, supra; State v. Jyles, 96-2669 (La.12/12/97), 704 So.2d 241; State v. Mouton, 95-0981 (La.4/28/95), 653 So.2d 1176; and State v. Benjamin, supra. The brief outlines the procedural history of the case and the facts of the ease set forth by the state, as previously noted. The brief also contains “a detailed and renewable assessment for both the defendant and the appel *734 late court of whether the appeal is worth pursuing in the first place.” Jyles, supra. The state filed a letter with this court agreeing that there are no nonfrivolous issues to raise on appeal.
Defense counsel also verified that copies of the motion to withdraw and the original brief were mailed to the defendant, in accordance with the Anders, Jyles, Mouton, and Benjamin cases. The defendant never requested the record and did not file a brief.
DISCUSSION
This Court has conducted an error patent review of the appellate record and no errors patent were found. The bill of information and arraignment were correctly done. There were no errors patent found in the guilty plea or sentencing proceedings. Furthermore, the defendant is precluded from seeking review of his sentence, the minimum sentence allowable under La. R.S. 14:64, because it was imposed in conformity with a plea agreement set forth in the record at the time of the plea. La. C. Cr. P. art. 881.2.
^CONCLUSION
The motion to withdraw is granted, and the defendant’s conviction and sentence are affirmed.
MOTION TO WITHDRAW GRANTED; CONVICTION AND SENTENCE AFFIRMED.

. Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); State v. Benjamin, 573 So.2d 528 (La.App. 4th Cir. 1990).

. Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).