LOLLEY, J.
| /This criminal appeal arises from the 26th Judicial District Court, Parish of Bossier Parish, State of Louisiana. The defendant, Frank Frigge McDonald, pled guilty to attempted distribution of methamphetamine, and received an agreed-upon sentence of three years at hard labor. McDonald now appeals. His appellate counsel has filed a motion to withdraw, together with a brief pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), alleging that there are no nonfrivolous issues upon which to base an appeal. For the following reasons, we grant the motion to withdraw and affirm McDonald’s conviction and sentence.
Facts
McDonald was charged by bill of information with distribution of methamphetamine, a Schedule II CDS, in violation of La. R.S. 40:967(A)(1). However, on April 18, 2016, pursuant to a plea agreement, McDonald appeared and pled guilty to the reduced charge of attempted distribution of methamphetamine. In exchange for the guilty plea, the state agreed to a sentence of three years at hard labor. The state also agreed to dismiss a separate charge in a different docket number and not to file a habitual offender bill against McDonald. The trial court informed him of his constitutional rights pursuant to Boykin v. Alabama, 396 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), and McDonald stated that he understood and wished to waive his rights.
As a factual basis for the plea, the state noted that on July 22, 2014, McDonald sold methamphetamine to a confidential informant. The informant was wearing a camera which recorded the sale. McDonald agreed that these facts were substantially correct. After McDonald waived 1 ^sentencing delays, the trial court sentenced him to three years at hard labor, to be served consecutively to any other sentence, in accordance with the plea agreement.
Thereafter, the trial court granted McDonald’s pro se motion for appeal and the Louisiana Appellate Project was appointed to represent him. McDonald’s appellate counsel has now filed a motion to withdraw, together with an Anders brief, which alleges that he could find no nonfrivolous issues to raise on appeal. See Anders v. California, supra; State v. Jyles, 1996-2669 (La. 12/12/97), 704 So.2d 241; State v. Mouton, 1995-0981 (La. 4/28/96), 653 So.2d 1176; and, State v. Benjamin, 573 So.2d 528 (La. App. 4th Cir. 1990). The brief outlines the procedural history of the case and the agreement under which McDonald’s guilty plea was entered. The brief also contains “a detailed and reviewable assessment for both the defendant and the appellate court of whether the appeal is worth pursuing in the first place.” Jyles, supra. In addition, the state filed a letter with this Court agreeing that there are no nonfrivolous issues to raise on appeal.
Appellate counsel also verified mailing copies of the motion to withdraw and the brief to McDonald, in accordance with An-ders, Jyles, Mouton, and Benjamin, supra. McDonald did not request the appellate record or file a pro se brief.
Discussion
A review of this record discloses no non-frivolous issues and no rulings which arguably support an appeal. The record shows that prior to entering his guilty plea, McDonald was properly advised of his Boykin rights, understood the plea agreement, and voluntarily pled guilty. Further, McDonald is precluded from seeking review of his sentence, because it was ^imposed in conformity with a plea agreement set forth in the record at the time of the plea. See La. C. Cr. P. art. 881.2; State v. Young, 1996- *576 0195 (La. 10/15/96), 680 So.2d 1171. In addition, the record was reviewed for error patent, and no error patent was found.
Conclusion
For the foregoing reasons, we grant appellate defense counsel’s motion to withdraw and affirm the conviction and sentence of Frank Frigge McDonald.
MOTION TO WITHDRAW GRANTED; CONVICTION AND SENTENCE AFFIRMED.