# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 17-943

**STATE OF LOUISIANA**

**VERSUS**

**DUDLEY MELANCON, JR.**
**-AKA- DUDLEY MELANCON**

**\*\*\*\*\*\*\*\*\*\***

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 15271-14
HONORABLE DAVID ALEXANDER RITCHIE, DISTRICT JUDGE

**\*\*\*\*\*\*\*\*\*\***

## SHANNON J. GREMILLION
## JUDGE

**\*\*\*\*\*\*\*\*\*\***

Court composed of Shannon J. Gremillion, Phyllis M. Keaty, and D. Kent Savoie, Judges.

**CONVICTION AFFIRMED;**
**MOTION TO WITHDRAW GRANTED.**

**John F. DeRosier**
**Fourteenth Judicial District Attorney**
**Carla S. Sigler**
**Assistant District Attorney**
**Elizabeth Brooks Hollins**
**Assistant District Attorney**
**901 Lakeshore Drive, Suite 800**
**Lake Charles, LA 70601**
**(337) 437-3400**
**COUNSEL FOR APPELLEE:**
    **State of Louisiana**

**Paula C. Marx**
**Louisiana Appellate Project**
**P. O. Box 82389**
**Lafayette, LA 70598-2389**
**(337) 991-9757**
**COUNSEL FOR DEFENDANT/APPELLANT:**
    **Dudley Melancon, Jr.**

**GREMILLION, Judge.**

Defendant, Dudley Melancon, Jr., and Jeremiah Christopher Jones were charged with first degree robbery, a violation of La.R.S. 14:64.1, on June 11, 2014, as the result of an incident on May 7, 2014, in which Defendant robbed the victim of a bank bag. Defendant pled not guilty and requested a jury trial. The charges against Defendant and Jones were severed, and Defendant was tried by himself. Defendant never contested the fact that he committed a simple robbery.

A jury convicted Defendant of the lesser charge of simple robbery, a violation of La.R.S. 14:65. The trial court sentenced Defendant to the maximum sentence of seven years at hard labor, to run consecutively to any other time being served. That sentence has since been vacated, and Defendant has been adjudicated a third felony offender. The appeal of that adjudication is before this court in docket number 17-944.

Appellate counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396 (1967), alleging no non-frivolous issues exist on which to base an appeal and seeking to withdraw as Defendant's counsel. Defendant was notified of the filing and given until January 22, 2018, to file a pro se brief. Defendant has not filed a brief. We grant the motion to withdraw, and Defendant's conviction is affirmed.

## ANALYSIS

Pursuant to *Anders*, 386 U.S. 738, Defendant's appellate counsel filed a brief stating she could find no errors on appeal that would support reversal of Defendant's conviction or sentence. Thus, counsel seeks to withdraw.

In *State v. Benjamin*, 573 So.2d 528 (La.App. 4 Cir. 1990), the fourth circuit explained the *Anders* analysis:

When appointed counsel has filed a brief indicating that no non-frivolous issues and no ruling arguably supporting an appeal were found after a conscientious review of the record, *Anders* requires that counsel move to withdraw. This motion will not be acted on until this court performs a thorough independent review of the record after providing the appellant an opportunity to file a brief in his or her own behalf. This court's review of the record will consist of (1) a review of the bill of information or indictment to insure the defendant was properly charged; (2) a review of all minute entries to insure the defendant was present at all crucial stages of the proceedings, the jury composition and verdict were correct and the sentence is legal; (3) a review of all pleadings in the record; (4) a review of the jury sheets; and (5) a review of all transcripts to determine if any ruling provides an arguable basis for appeal. Under C.Cr.P. art. 914.1(D) this Court will order that the appeal record be supplemented with pleadings, minute entries and transcripts when the record filed in this Court is not sufficient to perform this review.

*Id.* at 531.

Pursuant to *Anders* and *Benjamin*, we have performed a thorough review of the record, including pleadings, minute entries, the charging instrument, and the transcripts. Defendant was properly charged in the bill of information, he was present and represented by counsel at all crucial stages of the proceedings, the jury composition and verdict were correct, and review of the transcripts in the record provide only frivolous issues for appeal.

While it is not necessary for Defendant's counsel to "catalog tediously every meritless objection made at trial or by way of pre-trial motions with a labored explanation of why the objections all lack merit," counsel's *Anders* brief must "'assure the court that the indigent defendant's constitutional rights have not been violated.'" *State v. Jyles*, 96-2669, p. 2 (La. 12/12/97), 704 So.2d 241, 241 (citing *Jones v. Barnes*, 463 U.S. 745, 103 S.Ct. 3308 (1983), and quoting *McCoy v. Court of Appeals of Wisconsin*, 486 U.S. 429, 439, 442, 108 S.Ct. 1895, 1902-03 (1988)). Counsel must fully discuss and analyze the trial record and consider "whether any ruling made by the trial court, subject to the contemporaneous objection rule, had a significant, adverse impact on shaping the evidence presented to the jury for its

2

consideration." *Jyles*, 704 So.2d at 241 (citing *United States v. Pippen*, 115 F.3d 422 (7th Cir. 1997)). Thus, counsel's *Anders* brief must review the procedural history and the evidence presented at trial and provide "a detailed and reviewable assessment for both the defendant and the appellate court of whether the appeal is worth pursuing in the first place." *State v. Mouton*, 95-981, p. 2 (La. 4/28/95), 653 So.2d 1176, 1177.

Counsel's brief to this court recites the facts found in the record. Counsel notes the State proved all the elements of the crime of simple robbery. Indeed, Defendant never contested his guilt and offered to plead guilty to that offense prior to trial. Counsel further notes the alleged impropriety of the Sulphur Police Department and the involvement of Sergeant Robbins, the victim's husband, in the investigation. Counsel concludes that any potential error resulting from this alleged impropriety would be harmless.

Defendant filed a motion to suppress the statement he gave to the victim's husband. Defendant withdrew the motion after he learned the statement could not be located. Likewise, Defendant filed a motion to produce the clothes he was wearing at the time of his arrest. The clothing was apparently lost after the arrest. The trial court allowed Defendant to wear clothing at trial that testimony established was similar to what he wore at the time of the offense. Counsel concludes any potential issue concerning the lost clothing was harmless. Finally, counsel addresses Defendant's request to tell the jury the penalty range for first degree robbery and simple robbery. The trial court allowed counsel to provide only the mandatory sentences. Counsel concluded the law did not require the trial court to provide the penalty range and found no appealable error.

Defendant made several objections in pre-trial motions and at trial that were overruled. However, Defendant admitted he committed simple robbery. He went

to trial solely to defeat the allegation that he led the victim to believe he was armed with a dangerous weapon, the element that distinguishes simple robbery from first degree robbery. The overruled pre-trial and trial objections concerned that element of the charged offense. Thus, once the jury convicted Defendant of simple robbery, those pre-trial and trial issues were of no moment for Defendant and would not present any non-frivolous issues for appeal.

Defendant's sentence was ultimately vacated by the later multiple offender proceeding, and he was resentenced under the multiple offender guidelines. Thus, any appeal concerning the underlying sentence for simple robbery would be frivolous.

In short, our review of the record reveals no non-frivolous issues Defendant could raise on appeal. Accordingly, the motion to withdraw filed by counsel is granted, and Defendant's conviction is affirmed.

## DECREE

Appellate counsel's motion to withdraw is granted and Defendant's conviction is affirmed.

**MOTION TO WITHDRAW GRANTED; CONVICTION AFFIRMED**.

**STATE OF LOUISIANA**                    **THIRD CIRCUIT**

**VS**                                    **COURT OF APPEAL**

**DUDLEY MELANCON, JR.**                  **DOCKET NO. KA17-943**


## <u>ORDER</u>


The above and foregoing Motion considered,

IT IS ORDERED that PAULA C. MARX be allowed to withdraw as attorney of

record for **DUDLEY MELANCON, JR.**, Defendant-Appellant in this matter.

Lake Charles, Louisiana this _____ day of _____, 2018.


_____
JUDGE


_____
JUDGE


_____
JUDGE