WILLIAMS, J.
The defendant, Sherman Fredieu, Jr., was charged by grand jury indictment with one count of second degree murder, in violation of La. R.S. 14:30.1, and two counts of attempted second degree murder, in violation of La. R.S. 14:27 and 14:30.1. Following a jury trial, defendant was found guilty as charged. He was sentenced to mandatory life imprisonment for second degree murder and to 48 years for each conviction of attempted second degree murder. The trial court ordered that all sentences be served without the benefit of parole, probation or suspension of sentence and that the sentences run consecutively. On appeal, defendant's appellate counsel has filed an Anders brief and a motion to withdraw, alleging that there are no nonfrivolous issues to raise on appeal. For the following reasons, we affirm defendant's convictions and sentences and grant appellate counsel's motion to withdraw.
FACTS
The record shows on October 27, 2015, Verdina Crichlow was shot to death in her Shreveport apartment. Tammy Harris and Tranautica Webb were also wounded in the shooting. During the police investigation, defendant was identified as the shooter. According to witnesses, when the shooting occurred, defendant was angry because his money, which he had given to Jamar Watkins to purchase marijuana from Crichlow, had been stolen. The police determined that Crichlow and Watkins had been involved in a scheme to take the defendant's money by faking a robbery. Defendant was arrested and charged with the second degree murder of Verdina Crichlow and two counts of attempted second degree murder of Tammy Harris and Tranautica Webb.
After a jury trial, defendant was found guilty as charged. The trial court sentenced defendant to serve the mandatory sentence of life imprisonment without benefit *1159 of parole, probation or suspension of sentence for the second degree murder conviction and to serve 48 years at hard labor without benefits for each conviction of attempted second degree murder with the sentences to be served consecutively. Defendant's motions for new trial, for post-verdict judgment of acquittal and to reconsider sentence were denied. This appeal followed.
DISCUSSION
Defendant's appellate counsel has filed an Anders brief and a motion to withdraw, advising that she made a conscientious and thorough review of the trial court record and found no nonfrivolous issues to raise on appeal. See Anders v. California , 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) ; State v. Jyles , 96-2669 (La. 12/12/97), 704 So.2d 241 ; State v. Mouton , 95-0981 (La. 4/28/95), 653 So.2d 1176 ; State v. Benjamin , 573 So.2d 528 (La. App. 4 Cir. 1990). Appellate counsel's brief outlines the procedural history of the case and the actions of the trial court. The brief also contains "a detailed and reviewable assessment for both the defendant and the appellate court of whether the appeal is worth pursuing in the first place." State v. Jyles , 704 So.2d at 242. Counsel specifically addresses defendant's potential claims regarding sufficiency of the evidence, excessiveness of sentence, and an argument raised in the motion for new trial concerning an alleged error in the jury charge. In addition, appellate counsel verifies that she has mailed copies of the motion to withdraw and brief to defendant, in accordance with Anders , Jyles and Mouton, supra . We note that while this appeal was pending, defendant neither requested a copy of the appellate record nor filed a pro se brief.
During the trial in this case, multiple witnesses identified defendant as the shooter, including Tammy Harris, one of the victims, and Scarlett Groce, who was with defendant when he shot the victims. Pursuant to a plea agreement, Groce pled guilty to accessory after the fact to second degree murder as a result of her involvement in the shootings and agreed to testify truthfully at defendant's trial.
The evidence presented demonstrates the following facts: on the day of the shootings, defendant drove to Crichlow's apartment complex and gave Watkins $1,300 to purchase drugs. Watkins told defendant and Groce to wait in the parking lot while he went to Crichlow's apartment. When Watkins returned to the parking lot, he falsely told defendant and Groce that he had been robbed before he could purchase the drugs. Watkins then left the scene with the money. While defendant and Groce walked back through the complex looking for an alleged thief, they were directed by an unidentified man to Crichlow's apartment. The defendant and Groce then gained entry to the apartment and confronted the victims in the bedroom. After a brief exchange of words, defendant opened fire, shooting Crichlow 15 times; shooting 15-year-old Tranautica Webb 12 times; and shooting Tammy Harris 3 times. Based upon this record, the state presented overwhelming and uncontroverted evidence of defendant's guilt of the charged offenses.
Additionally, the sentences imposed are lawful and not excessive. The penalty for second degree murder is a mandatory life sentence at hard labor without benefit of parole, probation or suspension of sentence. La. R.S. 14:30.1(B). Attempted second degree murder carries a sentence of not less than 10 nor more than 50 years without benefits. La. R.S. 14:27(D)(1)(a).
Here, it was within the trial court's discretion to order defendant's sentences to be served consecutively. La. C.Cr.P. art. 883 ; State v. Thomas , 98-1144 (La. 10/9/98), 719 So.2d 49. Further, given the extremely violent nature of defendant's *1160 crimes and the fact that one of the victims was a minor, the sentences imposed neither shock the sense of justice nor do they constitute a purposeless infliction of pain and suffering.
Based upon our review of the entire record, we find no rulings that arguably support an appeal and no error patent. Thus, the record shows there are no nonfrivolous issues to raise on appeal. Accordingly, the appellate counsel's motion to withdraw is hereby granted.
CONCLUSION
For the foregoing reasons, the defendant's convictions and sentences are affirmed. Appellate defense counsel's motion to withdraw is hereby granted.
CONVICTIONS AND SENTENCES AFFIRMED; APPELLATE COUNSEL'S MOTION TO WITHDRAW GRANTED.