SEXTON, Judge Pro Tem.
| defendant, Darrell Lance Culverhouse, pled guilty to one count of attempted aggravated rape. On November 28, 2011, in accordance with the terms of a plea agreement, Defendant was sentenced to serve the agreed-upon sentence of ten years at hard labor without benefit of probation, parole or suspension of sentence. Defendant now appeals. His appellate counsel filed a motion to withdraw, together with a Benjamin[1] brief in support of the motion. For the following reasons, the motion to withdraw is granted, and Defendant’s conviction and sentence are affirmed.

DISCUSSION

On January 12, 2009, Defendant was charged by bill of indictment with one count of aggravated rape, a violation of La. R.S. 14:42. On February 17, 2009, Defendant pled not guilty to the charge. Defendant’s counsel sought a sanity determination; and, on August 14, 2009, a sanity hearing was submitted on doctors’ reports. The physicians found that Defendant was capable of assisting in his defense, and the trial court so ruled.
On November 28, 2011, the day the trial was to begin, Defendant entered into a plea bargain agreement with the State. Defendant, who was represented by counsel, pled guilty to one count of attempted aggravated rape; and, in exchange, the State agreed to a sentence of ten years at hard labor without benefit of probation, parole or suspension of sentence.
The facts recited during Defendant’s guilty plea colloquy revealed that, on December 5, 2008, Defendant committed the offense of attempted | ¡.aggravated rape upon the minor child, L.J.M., whose date of birth is December 17, 2004. The offense occurred within the confines of Bossier Parish. Specifically, Defendant was visiting the residence of the juvenile’s grandfather when the child went to take a nap. Defendant had oral contact to the child’s genital and anal areas. Defendant confirmed that the facts as recited by the district attorney were correct. At the conclusion of the recitation of the facts, the trial judge advised Defendant of his Boy-kin[2] rights and accepted the guilty plea.
*738 The mother of the victim was present at sentencing and assented to the ten-year sentence in order to prevent the child from having to testify. Defendant was then sentenced to the agreed-upon sentence of ten years at hard labor without benefit of probation, parole or suspension of sentence, and was given credit for time served. Defendant was required to register as a sex offender and he did so.
On January 5, 2012, Defendant filed a pro se motion for appeal. The appeal was granted and the Louisiana Appellate Project was appointed to represent Defendant. Defendant’s appellate counsel filed a Benjamin brief, seeking to withdraw and alleging that he could find no non-frivolous issues to raise on appeal. See Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); State v. Jyles, 96-2669 (La.12/12/97), 704 So.2d 241; State v. Mouton, 95-0981 (La.4/28/95), 653 So.2d 1176; and, State v. Benjamin, 573 So.2d 528 (La.App. 4th Cir.1990). The brief outlines the procedural history of the case and the facts of the case set forth by the State, |sas previously noted. The brief also contains “a detailed and renewable assessment for both the defendant and the appellate court of whether the appeal is worth pursuing in the first place.” Jyles, supra. The State filed a letter with this Court agreeing that there are no non-frivolous issues to raise on appeal.
Defense counsel also verified that he mailed copies of the motion to withdraw and his brief to Defendant, in accordance with Anders, Jyles, Mouton and Benjamin, supra. Defendant did not request the record and did not file a brief.
This Court has conducted an error patent review of the appellate record. The bill of information and arraignment were correctly done. There were no errors patent found in the guilty plea. Pursuant to La. C. Cr. P. art. 881.2, Defendant is precluded from seeking review of his sentence because it was imposed in conformity with a plea agreement set forth in the record at the time of the plea. No other errors patent were found.

CONCLUSION

For the foregoing reasons, the motion to withdraw is granted, and the conviction and sentence of Darrell Lance Culver-house are affirmed.
MOTION TO WITHDRAW GRANTED; CONVICTION AND SENTENCE AFFIRMED.

. State v. Benjamin, 573 So.2d 528 (La.App. 4th Cir.1990).

. Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).