WILLIAMS, J.
| ]The defendant, Ronald Earl Williams,[1] was charged by bill of information with possession of a Schedule II controlled dangerous substance (cocaine) in violation of LSA-R.S. 40:967(C). In exchange for a sentence recommendation of 18 months at hard labor, the defendant pled guilty as charged. The trial court sentenced the defendant to the agreed-upon term of 18 months at hard labor, with credit for time served. The defendant’s appellate counsel has filed a motion to withdraw, together with a brief pursuant to Anders v. Califor *790 nia, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), alleging that there are no nonfrivolous issues upon which to base an appeal. For the following reasons, we affirm the defendant’s conviction and sentence and grant counsel’s motion to withdraw.
FACTS
On October 12, 1998, the defendant, who was represented by counsel, pled guilty as charged to possession of a Schedule II controlled dangerous substance (cocaine).[2] At the hearing on the defendant’s motion to suppress, two Shreveport Police officers testified that on January 9, 1998, they encountered the defendant and another man standing in the street at the intersection of Clanton and Wallace Streets in Shreveport. The officers |2began speaking to the men, and during this encounter they noticed that the defendant was holding a brown cigar; the cigar was filled with green vegetable matter. One of the officers placed the defendant under arrest for possession of marijuana. During the subsequent search of the defendant’s clothing, a baggie of marijuana and another baggie containing approximately one gram of crack cocaine were found in his pocket.
The defendant was charged by bill of information with possession of a Schedule II controlled dangerous substance (cocaine) in violation of LSA-R.S. 40:967(C). The district court denied the defendant’s motion to suppress the evidence. Subsequently, the defendant pled guilty as charged, in exchange for the state’s agreement to recommend an 18-month sentence, with credit for time served.
On October 12, 1998, the defendant appeared in court with counsel. The defendant informed the court that he was 19 years old, had a ninth-grade education, and that his attorney had been able to answer his questions. The court informed the defendant that by pleading guilty, he was waiving his right to trial by jury, his right to cross-examine the witnesses against him and his privilege against self-incrimination. The defendant stated that he understood his rights and that he was willing to waive them. Thereafter, the prosecutor stated that the factual basis for the charge was the defendant’s possession of one gram of crack cocaine, and the defendant agreed that the recitation was correct. The defendant also affirmed that no one had forced him to plead guilty and that he understood the recommended sentence. Finally, the defendant informed the court that he had understood all of the court’s questions. The court was satisfied that the defendant was ^entering his plea knowingly and voluntarily; therefore, the court accepted the plea and imposed the agreed-upon sentence.
On October 14, 1998, the defendant filed a motion for appeal, arguing that he would not have pled guilty had he known that he “would be sentenced to a special mandatory parole term.” The trial court did not rule on that motion. In the intervening years, the defendant obtained various documents relating to this conviction and unsuccessfully applied for post-conviction relief. However, in 2012, the defendant filed an out-of-time application for post-conviction relief that contained proof that he had filed a motion for an appeal two days after he pled guilty in 1998; that motion had not *791 been ruled upon by the district court. Once the omission was discovered, the district court granted the defendant’s motion for appeal.
As stated above, the defendant’s appellate counsel has filed a motion to withdraw, together with an Anders brief, alleging that there are no nonfrivolous issues to raise on appeal. See, Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); State v. Jyles, 96-2669 (La.12/12/97), 704 So.2d 241; State v. Mouton, 95-0981 (La.4/28/95), 653 So.2d 1176; State v. Benjamin, 573 So.2d 528 (La.App. 4th Cir.1990). The brief outlined the procedural history of the case and the agreement under which the defendant’s guilty plea was entered. Appellate counsel also verified that a copy of the motion to withdraw and his brief had been mailed to the defendant, in accordance with Anders, Jyl-es, Mouton and Benjamin, supra. Appellate counsel notes that the defendant did not enter a plea pursuant to State v. Crosby, 338 So.2d 584 (La.1976); therefore, he waived his right to a review of the ruling on the motion to suppress.
l4The defendant has filed a pro se brief, contending his guilty plea was invalid. The defendant argues that the trial court engaged in “judicial bargaining” because the court “created the impression in the mind of the appellant that he would not receive a fair trial” if he proceeded to trial. According to the defendant, he “felt induce[d] to plea[d] guilty by trial judge judicial bargaining.”
We have carefully reviewed the transcript of the guilty plea proceeding. During the proceeding, a bench conference took place between the court, defense counsel and the state. Thereafter, defense counsel informed the court that the defendant would enter a guilty plea. At that point, the following colloquy took place:
THE COURT: Mr. Williams, have you had a chance to discuss this with your lawyer?
THE DEFENDANT: Yes, sir.
THE COURT: Do you understand what you are doing today?
THE DEFENDANT: Yes, sir.
THE COURT: It’s the Court’s understanding that you’re going to enter a plea of guilty to one count of possession of controlled dangerous substance Schedule II knowing the Court is going to sentence you to 18 months at hard labor and give you credit for time served. Has that been explained to you?
THE DEFENDANT: Yes, sir.
THE COURT: Is that what you want to do?
THE DEFENDANT: Yes, sir.
[[Image here]]
Thereafter, the trial court meticulously advised the defendant of his rights pursuant to Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). The defendant responded, “Yes, sir” to each inquiry and repeatedly stated that he understood the rights he was waiving by pleading guilty. At the conclusion of the colloquy, the trial judge asked, “Have I asked you any questions that you do not understand?” The defendant responded, “No, sir.”
Viewing the record as a whole, we find no support for the defendant’s claim that the trial court impermissibly participated in the guilty plea process. The court was careful to ensure that the defendant understood the proceedings and that he was satisfied with his legal representation. This assignment is without merit.
We have reviewed the record for errors patent. We have found none.
*792 CONCLUSION
For the foregoing reasons, appellate counsel’s motion to withdraw is granted, and the defendant’s conviction and sentence are affirmed.
CONVICTION AFFIRMED; SENTENCE AFFIRMED. MOTION TO WITHDRAW GRANTED.

. The bill of information states, "State of Louisiana versus Ronald Earl Williams aka Ronald Epperson.” During the plea colloquy, the trial court noted that the defendant had been appearing in court under two names, Ronald Earl Williams and Ronald Earl Epperson. The defendant responded, "Epperson” when the trial court asked, “Which name do you go by?”

. The defendant pled guilty on October 12, 1998 and was sentenced the same day. On October 14, 1998, the defendant filed a pro se motion for appeal, which was not acted upon until 2012, when the defendant brought the matter to the district court’s attention. On May 1, 2013, the district court granted the defendant’s motion for appeal. Although the defendant has served his sentence for the instant offense, he is currently incarcerated for another offense.