WILLIAMS, J.
_JjThe defendant, Sederrius Coleman, was charged by amended bill of information with two counts of armed robbery, in violation of LSA-R.S. 14:64. Pursuant to a plea agreement, the defendant pled guilty to one count of first degree robbery, a violation of LSA-R.S. 14:64.1, and the state agreed to dismiss the remaining *150 armed robbery charge. The district court sentenced defendant to serve 25 years at hard labor, without the benefit of parole, probation, or suspension of sentence, in conformity with an agreed-upon sentencing cap. The defendant then appealed his sentence. The defendant’s appellate counsel has filed a motion to withdraw, together with a brief pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), alleging that there are no non-frivolous issues to raise on appeal. For the reasons stated herein, the motion to withdraw is granted and the defendant’s conviction and sentence are affirmed.
DISCUSSION
The record shows that in December 2010, the defendant and another individual went to the Dollar Tree store on Louisville Avenue in Monroe, Louisiana, with plans to commit a robbery. The men followed the two victims, a 77-year-old woman and her 55-year-old daughter, into the parking lot. As the women were getting into their car, the defendant pointed a handgun at one of the women, took their purses and fled the scene. The defendant was arrested and charged with two counts of armed robbery.
During the guilty plea hearing, the district court informed the defendant of his constitutional rights pursuant to Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), and the defendant stated Lthat he understood and wished to waive his rights. The defendant acknowledged that he understood the plea agreement and the sentence cap. Also, the defendant stated that he understood that by pleading guilty with an agreed-upon sentencing cap, he was waiving his right to appeal both his conviction and sentence. The trial court accepted the plea and ordered a presentence investigation (“PSI”).
Prior to imposing sentence, the district court reviewed the facts of this case, the PSI report and the sentencing guidelines set forth in LSA-C.Cr.P. art. 894.1. As aggravating factors, the court found that defendant was aware the victim was particularly vulnerable because of her advanced age and that in committing the offense, defendant knowingly created a risk of death or great bodily harm to more than one person. In mitigation, the court noted that defendant was 17 years old at the time of the instant offense. However, the court also considered the defendant’s multiple acts of delinquency as a juvenile, noting that the defendant had been involved in serious criminal activity since the age of twelve. The court noted that the state had originally charged defendant with two counts of armed robbery and the facts showed he had committed those offenses. Thus, the court found that defendant had substantially benefitted from the plea agreement and the reduced sentence exposure.
On appeal, the defendant’s appellate counsel has filed a motion to withdraw with an Anders brief, which alleges that she could find no non-frivolous issues to raise on appeal. Anders v. California, supra; State v. Jyles, 96-2669 (La.12/12/97), 704 So.2d 241; State v. Mouton, 95-0981 (La.4/28/95), 653 So.2d 1176; and State v. Benjamin, 573 So.2d 528 (La.App.3 4th Cir.1990). The brief outlines the procedural history and facts of the case and the agreement under which the defendant’s guilty plea was entered. Defense counsel verified that copies of the motion to withdraw and the appellate brief were mailed to the defendant, in accordance with Anders, Jyles, Mouton, and Benjamin, supra.
On December 3, 2013, this Court issued an order, holding the motion to withdraw in abeyance and notifying the defendant *151 that he could file a brief in this appeal within 30 days of the date of the order and file a request to view the appellate record within 10 days of the date of the order. The defendant was further advised that if no brief was timely filed, the appellate record would be reviewed only for error patent. Upon defendant’s timely request, a copy of the appellate record was sent to the records custodian of the correctional facility where the defendant is incarcerated. However, the defendant did not file an appellate brief with this court.
Accordingly, we have reviewed the record for error patent and found none. The record shows that prior to entering his guilty plea, the defendant was properly advised of his Boykin rights, understood the plea agreement, and voluntarily pled guilty. Further, we note that defendant is precluded from seeking review of his sentence, which was imposed in conformity with a plea agreement set forth in the record at the time of the plea. LSA-C.Cr.P. art. 881.2; State v. Young, 96-0195 (La.10/15/96), 680 So.2d 1171.
CONCLUSION
For the foregoing reasons, the motion to withdraw is granted and the defendant’s conviction and sentence are affirmed.
MOTION TO WITHDRAW GRANTED; CONVICTION AND | ¿SENTENCE AFFIRMED.