BROWN, Chief Judge.
[ , Defendant, Damien Clark, was charged[1] with simple burglary in two separate docket numbers; the offenses occurred in January and February of 2013. He pled guilty to both charges on May 31, 2013, and waived sentencing delays. Defendant was given two ten-year consecutive sentences. He now appeals. We affirm defendant’s conviction but reverse his sentences and remand for resentencing.

Discussion

At the outset of the plea, this exchange occurred:
Prosecutor: He’s going to plead guilty to two simple burglaries, Your Honor, under docket number 198,254 and 198,253. The state will respectfully recommend ten years at hard labor to run consecutive on each. (Emphasis added).
Court: Okay. Is that what Mr. Clark wants to do, Mr. Broughton?
Defense counsel: Your Honor, that is correct; that is what he wants to do. It’s not an aggravated charge. I did explain to him that it’s not an aggravated charge. And I did explain to him what I know about DOC calculates the time and good time statutes but for the record I have not promised anything about that. I just told him what I know about the law about good time.
The court conducted a thorough examination of defendant in accordance with Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). During the colloquy, this exchange occurred:-
Court: You understand the penalties minimum and maximum for a plea of guilty to simple burglary is zero to twelve years per count, which would expose you to twenty-four years in all. Do you understand that?
| gDefendant: Yes, sir.
Court: You understand that the sentence is up to the Court? (Emphasis added).
Defendant: Yes, sir.
The factual basis for the pleas was recited into the record:
Your Honor, this is 198,253, first. Your Honor, on or about February 6, 2013, this defendant, Mr. Damien Clark, accompanied by the co-defendant, ... Ms. Breshawn Denise Sweeney, within the confines of Bossier Parish, committed the offense of simple burglary by the unauthorized entry of a vehicle belonging to Melissa Spilker. At that time that Mr. Clark entered the vehicle of Ms. Spilker he did not have the permission nor the consent of Ms, Spilker to enter that vehicle. On docket number 198,254, Your Honor, on or about January 28, 2013, Mr. Damien Clark, again with-in the company of Ms. Breshawn Denise Sweeney did commit the offense of simple burglary within the confines of Bossier Parish, State of Louisiana, by entering into a vehicle belonging to Tabitha Cain. At the time that Mr. Clark entered into this vehicle, he did not have the permission nor the consent of Tabitha Cain to enter into the vehicle. And did commit a theft of property located within the vehicle.
When the court questioned defendant’s lawyer as to whether defendant understood and voluntarily waived his rights, counsel stated:
Yes, I do, Your Honor, and I’d also like to add that we discussed the circumstances of his co-defendant’s plea and the multiple offender bill just in — me *445 laying — telling him everything he needed to know.
As the court accepted defendant’s guilty pleas, this exchange occurred:
Court: I’ll accept those guilty pleas as being freely and voluntarily given. Mr. Broughton, does your client wish to waive delays and be sentenced according to the agreed-upon sentences?
Defense counsel: Yes, Your Honor.
IsCourt: Pursuant to the agreed-upon sentence under 198,253,1 hereby sentence you to serve ten years at hard labor.... Under 198,254, I hereby sentence you to serve ten years at hard labor which is to run consecutive to the other ten years....
Clark did not file a motion to reconsider sentence. On June 14, 2013, defendant filed a pro se motion for appeal. In that motion, defendant alleged that his trial counsel provided ineffective assistance and that defendant never received discovery in his cases. The district court granted the motion for appeal; ultimately, counsel from the Louisiana Appellate Project was appointed to represent defendant on appeal, and the cases were consolidated in this court.
Defendant’s appellate counsel filed an Anders brief, seeking to withdraw, in which she alleged that she could find no non-frivolous issues to raise on appeal. See, Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); State v. Jyles, 96-2669 (La.12/12/97), 704 So.2d 241; State v. Mouton, 95-0981 (La.04/28/95), 653 So.2d 1176; State v. Benjamin, 573 So.2d 528 (La.App. 4th Cir.1990). This court did not receive a pro se brief from defendant.
If the sentences were imposed in accordance with an agreement as part of his guilty plea, defendant does not have the right to appeal the sentences as excessive. The record is unclear as to whether the parties agreed to a particular sentence. We order that the parties address whether there was an agreed to sentence and if not, whether the sentences imposed were excessive.
RThe record reflects that defendant was thoroughly informed of his Boykin rights at the time of his guilty plea, and in addition, the trial court explained the potential penalties. The record shows that the prosecutor made a recommendation for sentencing, to which the court responded that sentencing was “up to the court.” This does not demonstrate an agreement.
The court gave no reasons for the consecutive ten-year sentences, except that they were agreed-upon. The record shows that defendant, who was 18 years old, broke into two vehicles and committed thefts therein. The record does not show that defendant had other charges pending or that he had a prior criminal record. The record does not show the circumstances of the co-defendant’s plea. We can not and do not express an opinion on excessiveness.
The convictions by guilty pleas of defendant are affirmed; however, the sentences imposed are reversed and we remand for a sentencing hearing in compliance with La. C. Cr. P. Article 894.1.
As to defendant’s pro se arguments concerning the issues of ineffective assistance of counsel and discovery, the record is not adequate for review. In State v. Carter, 10-0614 (La.01/24/12), 84 So.3d 499, 511, cert. denied, — U.S.—, 133 S.Ct. 209, 184 L.Ed.2d 40 (2012), the Louisiana Supreme Court wrote:
A claim for ineffective assistance of counsel is more properly raised in an application for post-conviction relief. State v. Peart, 621 So.2d 780, 787 (La.1993); State v. Burkhalter, 428 So.2d *446 449, 456 (La.1983).. This forum enables the judge to conduct, if necessary, a full evidentiary hearing on the matter. State v. Seiss, 428 So.2d 444, 449 (La.1983). Under the standard for ineffective assistance of counsel set out in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d5 674 (1984), adopted by this court in State v. Washington, 491 So.2d 1337, 1339 (La.1986), a reviewing court must reverse a conviction if the defendant establishes: (1) that counsel’s performance fell below an objective standard of reasonableness under prevailing professional norms; and (2) counsel’s inadequate performance prejudiced defendant to the extent that the trial was rendered unfair and the verdict suspect. Because defendant has not asserted any specific claims that his counsel’s performance was either inadequate or resulted in prejudice to his case, we need not address an ineffective assistance of counsel claim at this time.

Conclusion

Defendant’s convictions are affirmed, his sentences are reversed, and the case is remanded for compliance with La. C. Cr. P. article 894.1.

. Defendant was charged along with a co-defendant, Breshawn Denise Sweeney.