# STATE OF LOUISIANA

## COURT OF APPEAL, THIRD CIRCUIT

### 14-678

STATE OF LOUISIANA

VERSUS

KERRY M. GUINN

\*\*\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
THIRTY-THIRD JUDICIAL DISTRICT COURT
PARISH OF ALLEN, NO. CR-2013-2478
HONORABLE PATRICIA C. COLE, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*\*\*

**SHANNON J. GREMILLION**
**JUDGE**

\*\*\*\*\*\*\*\*\*\*\*\*

Court composed of Jimmie C. Peters, Elizabeth A. Pickett, and Shannon J. Gremillion, Judges.

**CONVICTION AND SENTENCE AFFIRMED.**
**MOTION TO WITHDRAW GRANTED.**

**H. Todd Nesom, District Attorney**
**Thirty-Third Judicial District Court**
**Joe Green, Assistant District Attorney**
**Thirty-Third Judicial District Court**
**P. O. Box 839**
**Oberlin, LA 70655**
**(337) 639-2641**
**COUNSEL FOR APPELLEE:**
        **State of Louisiana**
**Paula C. Marx**
**Louisiana Appellate Project**
**P.O. Box 80006**
**Lafayette, LA 70598-0006**
**(337) 991-9757**
**COUNSEL FOR APPELLANT:**
        **Kerry M. Guinn**

**GREMILLION, Judge.**

On January 3, 2014, Defendant, Kerry M. Guinn, was found in possession of cocaine, hydrocodone, and paraphernalia. Defendant was charged with possession of a Schedule II controlled dangerous substance (CDS), a violation of La.R.S. 40:967(C)(2); possession of a Schedule III CDS, a violation of La.R.S. 40:968(C); and possession of drug paraphernalia, first offense, violations of La.R.S. 40:1023(C) and 40:1025, on July 24, 2013. Defendant originally entered a plea of not guilty to all charges, but he changed his plea to no contest for possession of a Schedule II CDS (cocaine) on January 14, 2014. The State agreed not to charge Defendant as a habitual offender, and it dismissed the remaining charges. Defendant waived his right to appeal.

In sentencing Defendant, the trial court found that Defendant had five prior convictions and sentenced him to three years at hard labor with credit for time served and payment of court costs, including an additional $100 for the D.A.R.E. program. The sentence is to run "consecutive to any time backing up."

Prior to the plea, Defendant filed a motion to suppress items seized during a warrantless search of his room at the Oakdale Inn. He admitted that he signed a consent to search form. The trial court found Defendant's consent to search was freely and voluntarily given, and it denied the motion.

Appellate counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396 (1967), alleging no non-frivolous issues exist on which to base an appeal and seeking to withdraw as Defendant's counsel. We grant counsel's motion to withdraw and affirm Defendant's conviction and sentence.

## *ANDERS* ANALYSIS

In *State v. Benjamin*, 573 So.2d 528 (La.App. 4 Cir. 1990), the fourth circuit

explained the analysis based on *Anders*, 386 U.S. 738:

> When appointed counsel has filed a brief indicating that no
> non-frivolous issues and no ruling arguably supporting an appeal were
> found after a conscientious review of the record, *Anders* requires that
> counsel move to withdraw. This motion will not be acted on until this
> court performs a thorough independent review of the record after
> providing the appellant an opportunity to file a brief in his or her own
> behalf. This court's review of the record will consist of (1) a review
> of the bill of information or indictment to insure the defendant was
> properly charged; (2) a review of all minute entries to insure the
> defendant was present at all crucial stages of the proceedings, the jury
> composition and verdict were correct and the sentence is legal; (3) a
> review of all pleadings in the record; (4) a review of the jury sheets;
> and (5) a review of all transcripts to determine if any ruling provides
> an arguable basis for appeal. Under C.Cr.P. art. 914.1(D) this Court
> will order that the appeal record be supplemented with pleadings,
> minute entries and transcripts when the record filed in this Court is not
> sufficient to perform this review.

*Benjamin*, 573 So.2d at 531.

While it is not necessary for Defendant's counsel to "catalog tediously every

meritless objection made at trial or by way of pre-trial motions with a labored

explanation of why the objections all lack merit[,]" counsel's *Anders* brief must

"'assure the court that the indigent defendant's constitutional rights have not been

violated.'" *State v. Jyles*, 96-2669, p. 2 (La. 12/12/97), 704 So.2d 241 (citing

*Jones v. Barnes*, 463 U.S. 745, 103 S.Ct. 3308 (1983) and *McCoy v. Court of*

*Appeals of Wisconsin*, 486 U.S. 429, 108 S.Ct. 1895 (1988)). Counsel must fully

discuss and analyze the trial record and consider "whether any ruling made by the

trial court, subject to the contemporaneous objection rule, had a significant,

adverse impact on shaping the evidence presented to the jury for its consideration."

*Jyles*, 704 So.2d at 241 (citing *United States v. Pippen*, 115 F.3d 422 (7th Cir.

1997)). Thus, counsel's *Anders* brief must review the procedural history and the

evidence presented at trial and provide "a detailed and reviewable assessment for both the defendant and the appellate court of whether the appeal is worth pursuing in the first place." *State v. Mouton*, 95-981, p. 2 (La. 4/28/95), 653 So.2d 1176, 1177.

Pursuant to *Anders*, 386 U.S. 738, and *Jyles*, 704 So.2d 241, Defendant's appellate counsel filed a brief considering potential issues for appeal. First, counsel examined the motion to suppress and found Defendant waived his right to appeal the denial of the motion pursuant to *State v. Crosby*, 338 So.2d 584 (La.1976).

Next, counsel considered Defendant's sentence and noted that Defendant received a mid-range sentence of three years within a possible sentencing range of up to five years. Defendant was considered a sixth felony offender with an extensive criminal history. Counsel determined that Defendant understood the proceedings and the possible sentence and made his plea freely and voluntarily. Counsel concluded that the record contained no possible issues to offer Defendant relief. Accordingly, counsel seeks to withdraw.

Pursuant to *Anders* and *Benjamin*, we have performed a thorough review of the record, including pleadings, minute entries, the charging instrument, and the transcripts and have confirmed the statements by counsel. Defendant was present and represented by counsel at all crucial stages of the proceedings, and he acknowledged his plea of no contest on the plea form. The trial court correctly informed Defendant of his *Boykin* rights and discussed his possible sentence for possession of cocaine.

Our review of the record reveals no issues that would support an assignment of error on appeal. Therefore, we grant appellate counsel's motion to withdraw and affirm Defendant's conviction and sentence.

**CONVICTION AND SENTENCE AFFIRMED.**

**MOTION TO WITHDRAW GRANTED.**