MOORE, J.
| j Pursuant to a plea agreement, the defendant, Tanya Kirk, pled guilty to principal to manslaughter. In conformity with an agreed-upon sentence, the defendant was sentenced to 40 years at hard labor. The defendant now appeals.
The defendant’s appellate counsel filed a motion to withdraw together with an An-ders [1] brief alleging that there are no non-frivolous issues upon which to base an appeal. For the reasons stated herein, the motion to withdraw is granted, and the defendant’s conviction and sentence are affirmed.
FACTS
On April 2, 2012, Tanya Kirk was charged by grand jury indictment with principal to second degree murder, in violation of La. R.S. 14:24 and 14:30.1. The state alleged that Kirk was a principal in the murder of her husband, Deryl Kirk, on March 2, 2012. Kirk was appointed counsel, waived formal arraignment, and entered a plea of not guilty on May 2, 2012.
On September 11, 2013, the defendant withdrew- her former plea of not guilty, pursuant to a plea arrangement with the state. The defendant entered into a plea agreement with the state, whereby she would plead guilty to the amended charge of principal to manslaughter and receive the sentence of 40 years at hard labor.
According to the facts recited by the state and the testimony of the defendant during the guilty plea hearing, on March 3, 2012, the defendant and her boyfriend, Robert Russell, went to her mother’s residence in 12Sondheimer, Louisiana, to meet her husband, Deryl Kirk, from whom she was separated. The purpose of this meeting was for her to visit their five-year-old son, who was in Deryl Kirk’s custody. Russell brought a disassembled shotgun inside a duffel bag on the visit. The defendant had talked about wanting her husband, Deryl Kirk, dead, because she knew Deryl Kirk was going to take her son from her. Deryl Kirk was not aware that Russell was with the defendant at the residence: Russell loaded the gun inside the residence before Deryl Kirk arrived. The defendant suggested that Russell hide in the shed in the backyard to wait for Deryl. *394 When Deryl Kirk arrived, Tanya led him to the backyard, along with their son. Russell shot Deryl Kirk from inside the shed with the shotgun, killing him immediately. The defendant and Russell were subsequently arrested and confessed. The defendant admitted these facts were correct.
The defendant accepted the plea agreement after being fully advised of all her constitutional rights in a lengthy colloquy with the trial judge. The trial court informed the defendant of her constitutional rights pursuant to Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), and the defendant stated that she understood and wished to waive her rights. The defendant acknowledged that she understood the plea agreement and the agreed-upon sentence. Also, the defendant stated that she understood that by pleading guilty with an agreed-upon sentence, she was waiving her right to appeal her conviction and sentence.
The trial judge accepted her guilty plea. The defense immediately waived delays and pursuant to the plea agreement, Kirk was sentenced to |athe agreed upon hard labor term of imprisonment of 40 years, the maximum imposed sentence for principal to manslaughter.
Kirk filed a motion for out of time appeal on August 11, 2014. The trial court granted Kirk an appeal on August 13, 2014, and the Louisiana Appellate Project was appointed. The defendant’s appellate counsel filed an Anders brief, seeking to withdraw, alleging that he could find no non-frivolous issues to raise on appeal. See Anders v. California, supra; State v. Jyles, 96-2669 (La.12/12/97), 704 So.2d 241, 242; State v. Mouton, 95-0981 (La.4/28/95), 653 So.2d 1176; and State v. Benjamin, 573 So.2d 528 (La.App. 4 Cir.1990). The brief outlines the procedural history and facts of the case and the agreement under which the defendant’s guilty plea was entered. The brief also contains “a detailed and reviewable assessment for both the defendant and the appellate court of whether the appeal is worth pursuing in the first place.” Jyles, supra. Defense counsel further verified that he mailed copies of the motion to withdraw and his brief to the defendant, in accordance with Anders, Jyles, Mouton, and Benjamin, supra. In addition, the state filed a brief with this court agreeing that there are no non-frivolous issues to raise on appeal.
On December 8, 2014, this court issued an order holding the motion to withdraw in abeyance, rescinding the pro se briefing deadline, and notifying the defendant that he could file a brief in this appeal within 30 days of the date of the order and file a request to view the appellate record within 10 days of the date of the order. The defendant was further advised that if no brief was timely filed, the appellate record would be reviewed [ 4only for error patent. The defendant did not request the appellate record or file a pro se brief.
DISCUSSION
This court has conducted an error patent review of the appellate record and no errors patent were found. The record shows that the defendant was properly advised of her Boykin rights, understood the plea agreement, and voluntarily pled guilty. There were no errors patent found regarding the bill of information, the guilty plea, or the sentencing proceedings. Further, the defendant is precluded from seeking review of her sentence because it was imposed in conformity with a plea agreement set forth in the record at the time of the plea. See La. C. Cr. P. art. 881.2; State v. Young, 96-0195 (La.10/15/96), 680 So.2d 1171.
*395 CONCLUSION
For the foregoing reasons, the motion to withdraw is granted, and the defendant’s conviction and sentence are affirmed.

. Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).