LOLLEY, J.
L This criminal appeal arises from the 26th Judicial District Court, Bossier Par *150 ish; State of Louisiana. Pursuant to a plea agreement, Quincy Montrell Wong pled guilty to aggravated burglary of an inhabited dwelling, a violation of La. R.S. 14:60. Wong was sentenced to 15 years at hard labor and now appeals. Appellate counsel for Wong has filed a motion to withdraw, together with a brief pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), alleging that there are no nonfrivolous issues upon which to base an appeal- For the following reasons, the motion to withdraw is granted, and Wong’s conviction and sentence are affirmed.-
FACTS
On June .<13, 2014, Quincy Wong,: Kiera -Moody, and .Billy Wilson broke into an apartment in the Village Square complex in-Bossier City, Louisiana, At the time of the break-in, the apartment was occupied by a woman and her three-year-old child, who were in bed sleeping. The men stated they were.looking for the woman’s sister, and she explained to them that her sister no longer lived there. The confrontation became violent when one of the men punched the woman in the face. They also threatened to shoot her, although the woman never saw a gun. While rummaging through the apartment, the men opened drawers and turned over furniture. After searching the entire apartment, they removed a 60-inch television from the wall and took several other items before leaving. Once they were gone, the woman called the police. She was later able to identify the men who broke into her home.
I ¡Wong and the others were charged by bill of information with aggravated burglary of an inhabited dwelling, in violation of La. R.S. 14:60. Wong pled guilty as charged pursuant to a plea agreement, in which the state agreed to a sentencing cap of 15 years at hard labor and not to file a habitual offender bill of information. During, the hearing, the trial court informed Wong of his constitutional rights pursuant to Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). Wong stated that he understood and wished to waive his rights. The trial court accepted the plea and ordered a presentence investigation report (“PSI”).
At the sentencing hearing, after reviewing the PSI and noting that Wong was a fifth-felony offender, the trial court sentenced him to 15 years at hard labor. Wong filed a motion to reconsider, arguing that the sentence was excessive, even though' it was in accord with the sentencing cap in' the plea agreement. The trial court'denied the motion and this appeal followed.
. The Louisiana Appellate Project was appointed to represent Wong in this appeal. Upon lodging of this appeal, Wong’s appellate counsel filed a motion to withdraw, together with an Anders brief, alleging there are no nonfrivolous issues to raise on appeal. In addition, the state filed a letter in agreement. Wong did not request the appellate record and has not filed a pro se brief.
DISCUSSION
On appeal, Wong has not set for forth any assignments of error for this court to consider, Upon review of the record, there are no nonfrivolous |sissues and no rulings which arguably support an appeal; therefore we affirm the .conviction and sentence as set forth in the trial court’s judgment.
The record shows that prior to entering his guilty plea, Wong was properly advised of his Boykin rights, understood the plea agreement, and voluntarily pled guilty. Further, Wong is precluded from seeking review of his sentence because it was imposed under a sentencing cap in conformity with a plea agreement, set forth in the *151 record at the time of the plea.. See La, C. Cr. P. art. 881.2(A)(2); State v. Young, 1996-0195 (La.10/15/96), 680 So.2d 1171. During, sentencing, the trial court reviewed the PSI, noting that Wong is a fifth-felony offender and substantially benefitted from the plea agreement and reduced sentence exposure.
Appellate counsel’s brief conforms with the procedures set forth in Anders, supra. The appellate brief reviewed the procedural history, of the case and stated that after a thorough review' of all the pleádings filed in the trial court, the court proceedings, and all transcripts contained in the record, no nonfrivolous issues could be advanced for appellate review. Further, counsel has verified that copies of the motion to withdraw and Anders brief have been properly mailed to Wong. See, Anders, supra; State v. Jyles, 1996-2669 (La.12/12/97), 704 So.2d 241; State v. Mouton, 1995-0981 (La.04/28/95), 653 So.2d 1176; and State v. Benjamin, 573 So.2d 528 (La.App. 4th Cir.1990). In addition, the record was reviewed for error patent, and no' error patent was found.
^CONCLUSION
For the foregoing reasons, the motion to withdraw is granted, and Quincy Montrell Wong’s conviction and sentence are affirmed.
MOTION TO WITHDRAW GRANTED; CONVICTION AND SENTENCE AFFIRMED.