STONE, J.
Pursuant to a plea agreement, Patrick G. LeBlanc pled guilty to distribution of methamphetamine and possession of marijuana, third offense. He was sentenced to *808 18 years' imprisonment and 2 years' imprisonment at hard labor, respectively. This appeal followed.
LeBlanc's appellate counsel has filed a motion to withdraw, together with a brief pursuant to Anders v. California , 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), alleging there are no nonfrivolous issues upon which to base an appeal. For the following reasons, the motion to withdraw is granted, and LeBlanc's convictions are affirmed. We affirm LeBlanc's sentence for possession of marijuana, third offense, and affirm as amended his sentence for distribution of methamphetamine.
FACTS
On or about January 14, 2015, the Jackson Parish Sheriff's Office conducted an undercover operation in which two confidential informants went to Patrick G. LeBlanc's ("LeBlanc") residence and purchased three grams of methamphetamine. After obtaining a search warrant, officers found synthetic marijuana inside the residence. LeBlanc was charged by bill of information with one count of distribution of methamphetamine in violation of La. R.S. 40:967(A)(1) and one count of possession of marijuana, third offense, in violation of La. R.S. 40:966(C).[1] At his arraignment, LeBlanc pled not guilty to both charges and reserved his right to trial by jury.
On March 18, 2015, trial counsel filed a motion for the appointment of a sanity commission on behalf of LeBlanc. The trial court appointed Drs. George Seiden and James Pinkston to determine LeBlanc's mental capacity at the time of the offenses and his competence to stand trial. Both doctors concluded LeBlanc knew the difference between right and wrong at the time of the offenses and pronounced LeBlanc competent to proceed with trial. On October 6, 2015, a hearing was held and the doctors' reports were jointly filed. After considering the evidence presented, the trial court found Leblanc was competent to stand trial.
During the course of the proceedings, LeBlanc filed numerous pro se motions. On September 30, 2016, a hearing was held wherein LeBlanc argued a pro se motion related to the trial court's lack of jurisdiction. The trial court denied LeBlanc's motion and noted his objection for the record. Thereafter, LeBlanc entered into a "best interest" plea agreement with the state, pursuant to State v. Crosby , 338 So.2d 584 (La. 1976), reserving his right to appeal the trial court's denial of his pro se motion. LeBlanc agreed to plead guilty as charged to distribution of methamphetamine and possession of marijuana, third offense, with agreed upon sentences of 18 and 2 years' imprisonment at hard labor, respectively.
Prior to accepting his guilty plea, the trial court informed LeBlanc of his constitutional rights pursuant to Boykin v. Alabama , 395 U.S. 238, 242, 89 S.Ct. 1709, 1711, 23 L.Ed. 2d 274 (1969), including his right against self-incrimination, his right to confront and cross-examine his accusers, and his right to a jury trial. LeBlanc stated he understood his rights and wished to waive them by pleading guilty. Notably, LeBlanc did not admit to the factual basis for the guilty plea but stated, after reviewing the evidence with his trial counsel, it was in his best interest to plead guilty. Thereafter, LeBlanc pled guilty as charged to distribution of methamphetamine and *809 possession of marijuana, third offense, and was sentenced to 18 and 2 years' imprisonment at hard labor, respectively. Both sentences were to be served concurrently. On November 17, 2016, LeBlanc filed a pro se motion to reconsider his sentence, which was denied by the trial court.
On February 16, 2017, the trial court granted LeBlanc's motion for appeal and designation of the record. The Louisiana Appellate Project was appointed to represent LeBlanc on appeal. Upon lodging of this appeal, LeBlanc's appellate counsel filed a motion to withdraw, together with an Anders brief, alleging she could find no nonfrivolous issues to raise on appeal. See, Anders, supra ; State v. Jyles , 1996-2669 (La. 12/12/97), 704 So.2d 241 ; State v. Mouton , 1995-0981 (La. 04/28/95), 653 So.2d 1176 ; and State v. Benjamin , 573 So.2d 528 (La. App. 4 Cir. 1990). The appellate brief included a review of the procedural history of the case and stated that after a thorough review of all the pleadings filed in the trial court, the court proceedings, and all transcripts contained in the record, no nonfrivolous issues could be advanced for appellate review. Further, appellate counsel has verified that copies of the motion to withdraw and Anders brief have been properly mailed to LeBlanc, in accordance with Anders, Jyles, Mouton , and Benjamin.
LeBlanc was notified of his right to file a pro se brief on his own behalf. However, he failed to submit a brief.
DISCUSSION
After a thorough review of the record, we agree with appellate counsel that there are no nonfrivolous issues to be raised on appeal. LeBlanc was properly charged by an amended bill of information which was signed by an assistant district attorney. He was present in court and represented by counsel at all important stages of the proceedings. The trial court advised LeBlanc of the nature of the charges against him, the consequences of his guilty pleas, and the sentencing ranges he would have been exposed to had he not entered into the plea agreement. The record shows that prior to entering his guilty plea, LeBlanc was properly advised of his Boykin rights, understood the plea agreement, and voluntarily pled guilty because it was in his "best interest." The trial court sentenced LeBlanc in accordance with the plea agreement. Considering his criminal history, LeBlanc's sentences are not excessive.
ERROR PATENT
The trial court properly imposed LeBlanc's 2-year sentence for possession of marijuana, third offense, at hard labor. However, the trial court failed to state that LeBlanc's 18-year sentence for distribution of methamphetamine was at hard labor. At the time LeBlanc committed the offenses, La. R.S. 40:967(B)(1) provided that any person convicted of distribution of methamphetamine shall serve his or her sentence at hard labor. Furthermore, the plea agreement stated the 18-year sentence was to be served at hard labor. Accordingly, we amend LeBlanc's sentence for distribution of methamphetamine to reflect that it be served at hard labor. La. C. Cr. P. art. 882(A).
CONCLUSION
For the foregoing reasons, the motion to withdraw is granted, and LeBlanc's convictions are affirmed. LeBlanc's sentence for possession of marijuana, third offense, is affirmed. His 18-year sentence for distribution of methamphetamine is amended to reflect that it be served at hard labor. As amended, the sentence is affirmed.
MOTION TO WITHDRAW GRANTED; CONVICTIONS AFFIRMED; SENTENCE FOR POSSESSION OF
*810 MARIJUANA, THIRD OFFENSE, AFFIRMED; SENTENCE FOR DISTRIBUTION OF METHAMPHETAMINE AFFIRMED AS AMENDED.

The predicate offenses for the later charge included a conviction for possession of marijuana on January 18, 2005, Docket No. 38,388 in the 2nd JDC, and a conviction for possession of marijuana, second offense, on February 6, 2008, Docket No. 41,118, in the 2nd JDC.