PITMAN, J.
A jury convicted Defendant Kenneth W. Harper of attempted second degree murder, and the trial court sentenced him to serve 15 years at hard labor without the benefit of probation, parole or suspension of sentence. Defendant appealed, but his appellate counsel filed a motion to withdraw and a brief pursuant to Anders v. California , 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed. 2d 493 (1967). For the following reasons, we grant the motion to withdraw and affirm Defendant's conviction and sentence.
FACTS
On May 9, 2016, the state filed a bill of information charging Defendant with attempted second degree murder, in violation of La. R.S. 14:27 and La. R.S. 14:30.1. The state alleged that on or about April 10, 2016, Defendant attempted to commit the second degree murder of Alicia Woods. Defendant pled not guilty.
A jury trial began on August 22, 2017. Ms. Woods testified that several weeks before the April 2016 incident, she and Defendant had an argument about the amount of gas money she would pay him in exchange for a ride. The following day, Ms. Woods confronted Defendant about how he grabbed her around the neck during the previous day's argument. This conversation escalated into a physical altercation with Ms. Woods using a wooden table leg and Defendant using a tree branch. Ms. Woods struck Defendant in the mouth, and he lost several teeth. Approximately two weeks later, on April 10, 2016, Ms. Woods and her then-girlfriend Teala Smith were sitting in Ms. Smith's car in a parking lot of a park when Defendant arrived in his car and blocked their car. Defendant exited his car, so Ms. Woods exited her car armed with the table leg she had used in their previous altercation. Defendant then removed a shotgun from his car and shot Ms. Woods, striking her in the arm, almost severing it, and in the side of her abdomen.
Ms. Smith testified about the events of April 10, 2016, and corroborated Ms. Woods's testimony. Det. Johnny Elie of the Shreveport Police Department testified about being dispatched to the scene of the crime, Ms. Smith's identification of Defendant in a photographic lineup, his interview of Ms. Woods, Ms. Woods's identification of Defendant in a photographic lineup and the arrest of Defendant. He noted that the shotgun used in this matter has not been recovered. Corp. John Madjerick of the Shreveport Police Department testified about photographs of the crime scene. Dr. Yury Rapoport testified that he was Ms. Woods's discharging physician. He stated that she was hospitalized from April 10 to April 21, 2016, due to gunshot wounds to her right flank and right shoulder and underwent several surgeries during this time.
*37 Defendant elected to testify. He stated that on April 3, 2016, Ms. Woods hit him in the mouth with a table leg and broke his partial dentures. He denied shooting Ms. Woods on April 10, 2016. He stated that he discharged a shotgun once into a dirt pile to scare her, but was not trying to kill her. He noted that Ms. Woods did not say anything or make a gesture that she was injured, and Defendant then left the scene. He opined that her injuries could have been caused by overspray from the shotgun.
Det. Elie testified as a rebuttal witness. A recording of his interview of Defendant was played for the jury. In the interview, Defendant indicated that he had a "gauge" and "shot at" Ms. Woods.
On August 23, 2017, the jury found Defendant guilty as charged of attempted second degree murder.
On September 18, 2017, Defendant filed a "Motion for Post Verdict Judgment of Modification of Verdict" and argued that the evidence presented at trial only supports a conviction for the offense of aggravated battery. The trial court denied the motion.
A sentencing hearing was held on October 24, 2017. The trial court reviewed the La. C. Cr. P. art. 894.1 factors and noted that Defendant had virtually no prior criminal history, that he appeared remorseful, that he used a firearm in the commission of the offense and that the victim suffered a very serious injury. It reviewed Defendant's statement on sentencing and attached letters and determined that a lesser sentence would deprecate the seriousness of the offense. It sentenced Defendant to 15 years at hard labor without the benefit of probation, parole or suspension of sentence. It ordered Defendant not to make contact with Ms. Woods or to possess firearms.
On November 2, 2017, Defendant filed a motion for appeal. The trial court appointed the Louisiana Appellate Project to represent him. This appeal followed. On March 6, 2018, Defendant's appellate counsel filed a motion to withdraw. Counsel also filed an Anders brief in which he advised that he thoroughly reviewed the record and could find no nonfrivolous issues to raise on appeal. See Anders v. California , supra ; State v. Jyles , 96-2669 (La. 12/12/97), 704 So.2d 241 ; State v. Mouton , 95-0981 (La. 4/28/95), 653 So.2d 1176 ; State v. Benjamin , 573 So.2d 528 (La. App. 4 Cir. 1990).
On April 5, 2017, this court issued an order holding the motion to withdraw in abeyance, rescinding the pro se briefing deadline and notifying Defendant that he could file a request to view the appellate record within 10 days of the date of the order and file a brief in this appeal within 30 days of the date of the order. This court also advised Defendant that if he did not timely file a brief, the appellate record would be reviewed only for error patent. Defendant failed to file a brief in this appeal within the allocated time period.
DISCUSSION
Counsel's brief conforms with the procedures set forth in Anders v. California , supra ; State v. Jyles , supra ; State v. Mouton , supra ; and State v. Benjamin , supra . It outlines the procedural history of the case and the evidence presented at trial. It contains a "reviewable assessment for both the defendant and the appellate court of whether the appeal is worth pursuing in the first place." State v. Mouton , supra . Counsel states that he will mail copies of the motion to withdraw and his brief to Defendant.
A review of the record discloses no non-frivolous issues and no rulings which arguably support an appeal. The record *38 reflects that there was sufficient evidence to convict Defendant of attempted second degree murder. Ms. Woods and Ms. Smith identified him in open court as the individual who shot Ms. Woods. The jury's unanimous verdict of guilty as charged demonstrates that they found Ms. Woods and Ms. Smith to be more credible witnesses than Defendant. The appellate court does not assess credibility or reweigh the evidence. State v. Smith , 94-3116 (La. 10/16/95), 661 So.2d 442. A reviewing court accords great deference to a jury's decision to accept or reject the testimony of a witness in whole or in part. State v. Gilliam , 36,118 (La. App. 2 Cir. 8/30/02), 827 So.2d 508.
Although no presentence investigation report was ordered, the trial court considered the La. C. Cr. P. art. 894.1 factors and imposed a sentence that is lawful and not excessive. Pursuant to La. R.S. 14:27(D)(1)(a), Defendant faced a sentencing range of 10 to 50 years at hard labor without the benefit of probation, parole or suspension of sentence. Therefore, his lower-range sentence of 15 years is not grossly out of proportion to the severity of the crime and does not shock the sense of justice. State v. Bonanno , 384 So.2d 355 (La. 1980).
We have examined the record for error patent and found none. La. C. Cr. P. art. 920.
CONCLUSION
Accordingly, we grant appellate counsel's motion to withdraw and affirm the conviction and sentence of Defendant Kenneth W. Harper.
MOTION TO WITHDRAW GRANTED; CONVICTION AND SENTENCE AFFIRMED.