STONE, J.
The defendant, Steve E. Bodine, was convicted of aggravated rape, in violation of La. R.S. 14:42. He was sentenced to life imprisonment at hard labor without the benefit of parole, probation, or suspension of sentence. The defendant now appeals his conviction and sentence.
Bodine's appellate counsel has filed a motion to withdraw, together with a brief pursuant to Anders v. California , 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), asserting that there are no nonfrivolous issues upon which to base an appeal. For the following reasons, the motion to withdraw is granted, and Bodine's conviction and sentence are affirmed.
FACTUAL BACKGROUND AND PROCEDURAL HISTORY
On September 9, 2013, Steve Bodine ("Bodine") was charged by bill of indictment for the aggravated rape of M.B., a victim under the age of 13 who is also Bodine's granddaughter. The offense was alleged to have occurred during 2005 and 2007. The defendant pled not guilty. Following a motion in limine , the trial court ruled that four other individuals would be permitted to testify that Bodine sexually assaulted them when they were minors, *252 pursuant to La. C.E. art. 412.2. The trial court further ruled that Lois Bodine ("Lois"), Bodine's wife, would have to testify if called because the nature of the charges against Bodine statutorily waived spousal privilege.
A jury trial began on July 27, 2015. The victim, M.B., testified that Bodine forced her to have sex with him on multiple occasions while she visited him at his home when she was between the ages of 8 and 10 years old. Three other women testified that Bodine sexually assaulted them before the age of 10 years old. On July 29, 2015, the jury found the defendant guilty as charged of aggravated rape. Bodine filed a motion for new trial, which was denied by the trial court following a hearing on August 10, 2015. On August 10, 2015, the trial court sentenced the defendant to life imprisonment at hard labor without the benefit of parole, probation, or suspension of sentence.
On October 24, 2016, Bodine filed a motion for appeal, which was denied by the trial court as untimely. On May 15, 2017, Bodine filed an application for post-conviction relief, arguing that his trial counsel was ineffective. On August 3, 2017, following an application for supervisory review, this Court remanded Bodine's application for post-conviction relief to the trial court for consideration as a motion for out-of-time appeal. An out-of-time appeal was granted by the trial court on October 17, 2017.
The Louisiana Appellate Project was appointed to represent the defendant on appeal. This appeal followed, and the defendant's appellate counsel has filed an Anders brief and a motion to withdraw, alleging that he could find no nonfrivolous issues to raise on appeal. See Anders v. California , supra ; State v. Jyles , 96-2669 (La. 12/12/97), 704 So.2d 241 ; State v. Mouton , 95-0981 (La. 4/28/95), 653 So.2d 1176 ; and State v. Benjamin , 573 So.2d 528 (La. App. 4 Cir. 1990). Defense counsel also verified that he mailed copies of the motion to withdraw and his brief to the defendant, in accordance with Anders , Jyles , Mouton , and Benjamin , supra . Additionally, the state filed a brief with this Court agreeing that there are no nonfrivolous issues to raise on appeal.
On April 27, 2018, the defendant requested to review the appellate record and leave to file a pro se brief. On May 23, 2018, this Court issued an order holding the motion to withdraw in abeyance and extended the pro se briefing deadline to June 22, 2018. Because the record is confidential pursuant to La. R.S. 46:1844(W), a redacted version of the record was sent to Bodine on May 23, 2018. Bodine timely filed a pro se brief.
DISCUSSION
The defendant's pro se brief contains no assignments of error, but rather, is merely a listing of alleged errors in, and objections to, the record. Although U.R.C.A. Rule 1-3 states that this Court will review only issues "which are contained in specifications or assignments of error," because Bodine's pro se brief was timely filed, Bodine's complaints have been grouped and briefly reviewed, along with the record, for any discernable arguments.
Preliminary Examination
In one statement, Bodine complains that the trial court ruled that he was not entitled to a preliminary examination. La. C. Cr. P. art. 292 provides that the court shall order a preliminary examination in felony cases "unless the defendant has been indicted by a grand jury." When a grand jury indictment has been returned, a discretionary preliminary examination is limited to the perpetuation of testimony and the fixing of bail.
*253 La. C. Cr. P. art. 296. In this case, since Bodine was in fact indicted by grand jury, a preliminary examination was only discretionary. Further, he fails to make a claim that it was necessary to perpetuate anyone's testimony and the record reflects that bail was set. Thus, Bodine was not prejudiced by not having a preliminary examination.
Ineffective Assistance of Counsel
Bodine argues he received ineffective assistance of trial counsel due to a mental defect of his court-appointed attorney, Robert Earle. Bodine cites to no evidence in the record to support his claim. Although Bodine asserts that Attorney Earle attempted to be relieved of the representation due to a mental defect, a review of the record reflects only that Attorney Earle requested such relief after Lois filed a bar complaint against him.
Bodine repeatedly asserts that Attorney Earle failed to call Robert Shoemaker as a witness for the defense. However, he does not provide any indication as to what testimony Shoemaker would have provided or why he was not called to testify.
As a general rule, a claim of ineffective assistance of counsel is more properly raised in an application for post-conviction relief in the trial court rather than by appeal. This is because post-conviction relief creates the opportunity for a full evidentiary hearing under La. C. Cr. P. art. 930. However, when the record is sufficient, an appellate court may resolve this issue on direct appeal in the interest of judicial economy. State v. Nixon , 51,319 (La. App. 2 Cir. 5/19/17), 222 So.3d 123, writ denied , 17-0966 (La. 4/27/18), 239 So.3d 836. In the matter sub judice , Bodine's claim that Attorney Earle provided ineffective assistance is supported only by general, conclusory statements and allegations. Such general statements and conclusory allegations are insufficient to prove a claim of ineffective assistance of counsel. Thus, this would be more properly raised in a PCR application in the trial court.
Spousal Privilege
Bodine complains the trial court erred in ordering that his wife, Lois, would be forced to testify against him. The issue of Lois' testimony was litigated pretrial. She was given a grant of immunity in response to her assertion of Fifth Amendment rights. We find the trial court correctly ruled that, under La. C.E. art. 504(C)(5) and La. R.S. 14:403(B), Lois Bodine's spousal privilege was waived because the instant proceedings concerned the sexual abuse of a child.
Jurors
Bodine alleges that Patricia Farris, one of the jurors, was very good friends with one of the victims, and the trial court refused to remove her as a juror. However, Bodine makes no argument and provides no proof of his claim. The record reveals Farris admitted to knowing Lewis Jones and Lois Bodine, but none of the victims. Farris also stated that neither relationship was a close, personal one that would affect her ability to be impartial.
In addition, Bodine also complains that three jurors said they would need DNA to convict someone and that two jurors said that they would not. A review of the record shows that one of the potential jurors complained of was not seated on the jury and that all others stated they would follow the law as explained to them.
Finally, Bodine alleges that one juror had two family members who had been raped and one juror had volunteered at a group for women with sexual problems. Again, this complaint is merely a conclusory statement, with no accompanying argument or support in the record. All of Bodine's *254 complaints are merely conclusory statements, with no argument or support.
Sufficiency of the Evidence
Bodine argues there was not sufficient evidence to convict him because the charges were based upon falsified evidence, and the alleged victim testified that she made up the accusations against him. Specifically, Bodine states he is actually innocent of the offense because medical records show that he "has been sexually impotent ever since July of 1989"; however, a review of the medical records contained in the record shows no such diagnosis. In another claim, he complains that M.B. testified that, during a staged phone call from M.B. to Bodine, an investigator was coaching her on what to say. Bodine notes that investigators admitted that they were unable to cause him to incriminate himself during that call. He makes no argument about the call, other than a conclusory complaint.
Additionally, Bodine asserts that Ricky Albritton, Chief of Police for Bernice, Louisiana, falsely testified that Bodine had served as a lieutenant, that M.B. testified that an incident occurred in Bodine's tack room while another witness testified that there was no barn or tack room on Bodine's property, that M.B. changed her testimony, and that M.B. admitted to using drugs.
The claims asserted by Bodine each focus on an alleged inaccurate statement made by a witness. Bodine appears to be asking this Court to assess the credibility of these witnesses and to reject their testimony in order to reverse his conviction. The Jackson standard, now legislatively embodied in La. C. Cr. P. art. 821, does not provide the appellate court with a vehicle to substitute its own appreciation of the evidence for that of the fact finder. Jackson v. Virginia , 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979) ; State v. Pigford , 05-0477 (La. 2/22/06), 922 So.2d 517 ; State v. Dotie , 43,819 (La. App. 2 Cir. 1/14/09), 1 So.3d 833, writs denied , 09-0310 (La. 11/6/09), 21 So.3d 297, 12-0717 (La. 9/12/12), 98 So.3d 305. The appellate court does not assess the credibility of witnesses or reweigh evidence. State v. Smith , 94-3116 (La. 10/16/95), 661 So.2d 442 ; State v. Walker , 51,217 (La. App. 2 Cir. 5/17/17), 221 So.3d 951, writ denied , 17-1101 (La. 6/1/18), 243 So.3d 1064. A reviewing court accords great deference to a jury's decision to accept or reject the testimony of a witness in whole or in part. State v. Brown , 51,352 (La. App. 2 Cir. 5/2/17), 223 So.3d 88, writ denied , 17-1154 (La. 5/11/18), 241 So. 3d 1013. Thus, in applying the Jackson standard, this Court declines to assess the weight and credibility of Bodine's allegations of inaccurate statements made by witnesses.
Error Patent
A review of the record in this matter revealed one error patent. The trial court failed to observe the 24-hour delay between the denial of Bodine's motion for new trial and the imposition of sentence. La. C. Cr. P. art. 873 provides that if a defendant is convicted of a felony, the sentence shall not be imposed until at least 24 hours after a motion for new trial is overruled, unless the defendant expressly waives the delay. However, this Court has consistently held that vacating a sentence for the failure to observe the 24-hour delay is not required if the error is harmless and no prejudice is shown. State v. Austin , 49,061 (La. App. 2 Cir. 7/16/14), 146 So.3d 716, writ denied 2014-2323 (La. 9/18/15), 178 So.3d 140.
In this case, there was sufficient delay between the date of conviction and the date of sentencing, there is no indication that the sentence was hurriedly imposed, and the sentence imposed was mandatory.
*255 Thus, the same sentence would have been imposed regardless, and the failure to observe the 24-hour delay did not prejudice Bodine.
CONCLUSION
For the foregoing reasons, the motion to withdraw is granted, and Bodine's conviction and sentence are affirmed.
MOTION TO WITHDRAW GRANTED; CONVICTION AND SENTENCE AFFIRMED.
APPLICATION FOR REHEARING
Before Felicia Toney Williams,Daniel Milton Moore III, Shonda D. Stone - Writing, Jeff Cox, E. Joseph Bleich, JJ.
Rehearing denied.